## 34805. Florence *v.* Montgomery.

Carlisle, J. 1. In an action brought individually by the wife of a deceased partner against the surviving partner on a promissory note of the partnership, signed in the name of the partnership ,by both partners, and payable on demand to the wife of the deceased partner, it is no defense to her action against the surviving partner· that no administrator of the estate of the deceased partner has been appointed and joined as a party defendant in the action. Under the provisions of

Code § 3-305, she is at liberty to proceed against the surviving partner alone at her election.

2. In such an action as indicated in division 1 of this opinion, the surviving partner cannot set off against the wife, suing as an individual creditor of the partnership, the eventual liability of the deceased partner's estate for contribution on the partnership debt. *Brinson* v. *Franklin,* 177 *Ga.* 727 (4) (171 S. E. 287).

3. If, in such an action, it should appear that her husband died intestate leaving debts outstanding and there had been no administration on his estate, and the wife, as sole heir of her husband, acting as executrix *de son tort,* accepted $1,500 "in full settlement of equity in . . . [the partnership]," her action, in that capacity, would not constitute a settlement of the partnership's indebtedness to her as an individual or serve as a defense to her individual action against the surviving partner on the partnership debt.

4. If, in such an action, it should appear that her husband died intestate leaving debts outstanding, and there had been no administration on his estate, but that the wife, as sole heir, accepted $1,500 "in full settlement of equity in . . . [the partnership]," the question of whether the note sued on was included in the settlement and was extinguished by the settlement was one for proof on the trial and determination by the jury.

5. Where, in such an action, the defendant surviving partner admits the execution of the note by the two partners for the partnership, but pleads that the note has been canceled by agreement between the partners, in that the note sued on and belonging to the wife of one of the partners was set off against a similar note owed by the partnership to the other partner's brother, and this agreement to cancel was ratified by the plaintiff wife and the defendant partner's brother, it is error requiring the grant of a new trial to strike such plea, for such an agreement, if proved, would constitute a complete defense to the action on the note; and the trial court having erred in this regard, the further proceedings were nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 2, 1953—REHEARING DENIED DECEMBER 15, 1953.

*John M. Slaton, J. Hugh Rogers,* for plaintiff in error.
*Lokey, Bowden & Rolleston, Newell Edenfield,* contra.

On a certain promissory note, dated January 2, 1947, and signed, under seal, "Florence & Montgomery, Jno. S. Florence, N. H. Montgomery," in which she is named as payee, Mrs. N. H. Montgomery brought an action against Jno. S. Florence, alleging that he is indebted to her in the sum of $2,500, plus interest at six percent per annum since January 2, 1947, plus ten percent as attorneys' fees. The note for $3,000, which is attached to the petition, shows that it is payable on demand, and bears an entry

on the back, signed, "J. S. Florence," of a credit dated May 27, 1947, as follows: "Paid 500.00, Int. 110.00, Bal. 2500.00." Formal demand for payment is alleged to have been made on May 17, 1951, and notice given of the plaintiff's intention to sue.

In his answer of general denial, the defendant alleged substantially the following: 5. The note of January 2, 1947, was renewed and on said note $500 was paid on May 27, 1947, the original note having been canceled as stated by renewals, leaving at that time only $2,500 due on said note of $3,000, being reduced to the note due J. S. Florence of $2,500. 6. In September of 1949, the $2,500 note was outstanding against Florence & Montgomery, and there was a similar note of $2,500, payable to T. S. Florence, brother of John S. Florence, and on account of the business of Florence & Montgomery, they were unable to pay these notes, or either of them; and therefore it was agreed between this defendant and N. H. Montgomery that said loans should be transferred to their investment account, which was done by the direction of N. H. Montgomery, and being with the consent and approval of Mrs. N. H. Montgomery and T. S. Florence, thus canceling the indebtedness on both. 7. The $3,000 originally invested was the money in cash of N. H. Montgomery, and the bookkeeper for Florence & Montgomery stated to N. H. Montgomery that he could not claim a deduction for interest in regard to the tax return to the Government on a note of a partner, and therefore the note was made payable to Mrs. N. H. Montgomery, whose general agency with unlimited authority as to her business matters was vested in N. H. Montgomery, and Mrs. N. H. Montgomery stated to the defendant and others that she knew nothing about business affairs, to all of which N. H. Montgomery attended, even to buying groceries for the house, and if there were any interest in Mrs. N. H. Montgomery, which defendant denies, on information and belief, it was disposed of by the action of her general agent. The plaintiff approved and ratified the action of N. H. Montgomery, and affiant shows that until the transfer into the investment account in September of 1949, interest on each of the $2,500 notes, payable to T. S. Florence and Mrs. N. H. Montgomery, was paid, but after September of 1949, no interest was paid because the notes had been canceled by being put into the investment account. 8. The interest on said note to Mrs. N. H. Montgomery

was paid by check drawn by N. H. Montgomery to himself, and not until notice of this suit was given was any claim asserted on the part of Mrs. N. H. Montgomery. 9. After negotiating for a month, Mrs. N. H. Montgomery finally sold all of the interest of N. H. Montgomery, her husband, in said firm for $1,500, and gave an acquittance therefor to John S. Florence, canceling thereby any and all indebtedness, if there were any, because of said note. At that time Mrs. N. H. Montgomery discussed the investment account, knowing all about it and knowing that the said note was canceled. 10. Mr. and Mrs. N. H. Montgomery had no children, and on his death Mrs. Montgomery took possession of all of Mr. Montgomery's assets, as no administrator was appointed, and the note on which she sues is signed by her husband, and unless the note was paid, there was a debt outstanding against Mr. Montgomery, and she had no right to take possession of the assets as surviving spouse without children. 11. Prior to the purchase by John S. Florence of all of N. H. Montgomery's interest from Mrs. Montgomery, she had a bookkeeper to go through the books showing the entire situation and the investment account, and she also had an attorney to represent her. 12. In view of the legal position of Mrs. Montgomery, as administratrix of the estate of N. H. Montgomery, this defendant pleads as setoff the note which is sued on in this case, title to which is vested in him, as a debt of the estate of N. H. Montgomery, and the plaintiff is estopped from suing thereon. In no event could the defendant be liable for more than one-half the note, the assets of N. H. Montgomery in the hands of the plaintiff being sufficient to pay the other half. 13. The note is a joint note, and N. H. Montgomery when he died, lived in Forsyth County, Georgia, as does Mrs. N. H. Montgomery, and the suit, being on a joint note, cannot be maintained against one without the other, and cannot be maintained in the form in which it is brought; and in no event can the amount due be more than one-half the amount sued for, as N. H. Montgomery left an estate worth more than the sum sued for. 14. On March 28, 1951, Southern Discount Company issued to John S. Florence its check for $1,500 and on the back of the check it was endorsed by John S. Florence, and beneath his endorsement is the following endorsement signed by Mrs. N. H. Montgomery, "Pay to the order of Mrs. N. H. Montgomery in full settlement of equity in

Florence & Montgomery." That endorsement indicated a full settlement of any claim Mrs. Montgomery had in the business of Florence & Montgomery and was in fact a full settlement thereof. That endorsement was written by Mrs. Montgomery's attorney at Mr. John S. Florence's dictation. There was no administrator of the estate of N. H. Montgomery. All his assets belong to Mrs. Montgomery, and "the note sued on was signed by Mr. Florence and Mr. Montgomery separately and shows a full acquittance of Mr. John S. Florence of any claims held by Mrs. N. H. Montgomery in said business."

The plaintiff demurred to the answer on several grounds, some of which were sustained, and the defendant preserved exceptions pendente lite to the judgment sustaining the demurrers, and assigned error thereon in his final bill of exceptions.

The case was tried by the judge without the intervention of a jury and resulted in a verdict in favor of the plaintiff for $2,500 plus interest and attorneys' fees. The defendant's motion for new trial, based on the usual general grounds and eleven special grounds, was denied and he excepted.