[Crim. No. 6688. Second Dist., Div. One. Nov. 16, 1959.]

THE PEOPLE, Respondent, v. WALTER JAMES DOYLE, Appellant.

James S. Fitzpatrick for Appellant.

.Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

, ·FOURT, J.—This is an appeal from a judgment wherein the defendant was convicted of contributing to the delinquency of a minor, a lesser but included offense contained in the information.

In an information filed in Los Angeles County, the defendant was charged with a violation of section 288 Penal Code. The information set forth that on March 20, 1958, the defendant committed a lewd and lascivious act in violation of the provisions of section 288 upon the body, members and private parts of a named 10-year-old girl by touching and feeling the body of said child with intent then and there of arousing, appealing to and gratifying the lust and sexual desires of the child and of the defendant. Defendant pleaded not guilty and was tried before a court without a jury and found guilty of contributing to the delinquency of a minor.

A résumé of the facts is as follows: the child in question was a 10-year-old girl enrolled in the fifth grade of the Glassell Park School. On a morning during the latter part of March, 1958 the child left her home about 8:45 o'clock to attend

school. She was walking and while passing by the defendant's house, the defendant offered her a ride in his car and she accepted. When the child was inside the automobile the defendant showed her a magazine containing some lewd pictures and the picture of a woman "with tiger pants on." The defendant asked the child what kind of pants she had on and with that lifted up her dress. He touched her stomach and inside and outside of her undergarments. The touching went on for several minutes while defendant and the child were in the automobile in front of the defendant's house. The defendant then drove the car with the child to her school and told her not to tell anyone. When the child arrived at the school about 9 a.m. she was crying and told a girl friend what had occurred. The child was taken to her teacher and the school clerk where she complained of what she had experienced.

The judge said at the conclusion of the testimony of the witnesses:

"Now, of course, you have to analyze just what Section 288 is. In the ordinary case we consider a 288 case where the male or the female, as the case may be, is fondling the private parts of the youngster involved. I have jotted down a few notes here as to what this little girl's testimony was. I am not satisfied that he actually touched the private parts of this girl but I am satisfied that he did put his hands on her stomach, moved his hand down in the vicinity of her private parts, he touched her skin and then he showed her the magazine with the nude or near-nude pictures in there in an effort not only to arouse her passion but to arouse his own. I do not know and I will give the defendant the benefit of the doubt as to whether or not actually a 288 has been committed here.

"Without any question of a doubt he is certainly guilty of contributing to the delinquency of a minor. There is no question about it at all in my mind. And for that reason the Court is going to find the defendant guilty of contributing to the delinquency of a minor, a lesser but included offense than the one charged in the information."

The defendant now contends that the "verdict of the court was inconsistent" and that the evidence was insufficient to support a verdict of guilty.

In brief, appellant's entire argument is summed up as:

"Under the particular facts the defendant, if guilty of anything, would have been guilty of Section 288 of the Penal Code as charged. The court in finding him not guilty of violation of Section 288 of the Penal Code disbelieved the

testimony as related by the alleged victim, and believed the testimony as related by the defendant and his witnesses.''

We cannot agree with the appellant. ██ It was appropriately said in *People* v. *Perkins*, 147 Cal.App.2d 793, 795 [305 P.2d 932]:

''The offense of contributing to the delinquency of a minor is necessarily included in the offense defined in section 288 of the Penal Code, and a conviction of contributing to the delinquency of a minor is an acquittal of a violation of section 288. (*People* v. *Greer*, 30 Cal.2d 589, 598 [184 P.2d 512].) In *People* v. *Lopez*, 46 Cal.App.2d 857 [117 P.2d 15], cited with apparent approval in *People* v. *Greer, supra*, the defendant was charged with aiding and abetting her codefendant in the commission of statutory rape. The question as stated by the court was: 'Where a defendant is charged in one count with the violation of section 261 of the Penal Code, can such defendant be found guilty of contributing to the delinquency of a minor (section 702, Welfare and Institutions Code), a misdemeanor, where no such crime is charged or alleged in the information or complaint?' ''

The court held in effect that the answer was yes. (See *Rodriguez* v. *Superior Court*, 27 Cal.2d 500 [165 P.2d 1].)

██ The evidence was clearly sufficient to sustain the finding and judgment of the trial court. ██ It is not our province to reweigh the evidence. (See *People* v. *Newland*, 15 Cal. 2d 678, 681 [104 P.2d 778]; *People* v. *Cohen*, 107 Cal.App.2d 334, 342 [237 P.2d 301]; *People* v. *Alonzo*, 158 Cal.App.2d 45, 47 [322 P.2d 42].)

██ Furthermore, as said in *People* v. *Powell*, 34 Cal.2d 196, 205 [208 P.2d 974]:

· ''It cannot be doubted that a trier of fact has and often exercises the *power*, because of obvious extralegal factors or for no apparent reason, to find a defendant guilty of a lesser degree or class of crime than that shown by the evidence. Furthermore, even if it be assumed that the trier of fact erred here when he found defendant guilty only of manslaughter, defendant cannot invoke reversal on an error which is favorable to him. (See Code Civ. Proc., § 475; 2 Cal.Jur., Appeal and Error, §§ 493, 595; 8 Cal.Jur., Criminal Law, § 562.) ██ An appellant is precluded from complaining that he was convicted of a lesser offense than the one of which he is guilty according to undisputed evidence, or according to that view of the evidence which, it indisputably appears, the trier of fact accepted. (*People* v. *Barnhart* (1881), 59 Cal.

381, 384; *People* v. *Maroney* (1895), 109 Cal. 277, 279 [141 P. 1097]; *People* v. *Muhlner* (1896), 115 Cal. 303, 305 [47 P. 128]; *People* v. *Glab* (1936), 15 Cal.App.2d 120, 122 [59 P.2d 195]; *People* v. *Blackwood* (1939), 35 Cal.App.2d 728, 733 [96 P.2d 982]; other cases stating this rule are collected in 13 Cal.Jur., Homicide, § 64.)''

 This case closely parallels the Perkins case, *supra*, wherein it was said at page 797:

''In the case at bar there was sufficient evidence introduced to have warranted the trial judge in finding defendant guilty as charged in the information. To establish a violation of section 288 there must be proof of a specific intent to arouse, appeal to, or gratify the lust or passions or sexual desires of the defendant or of the child. (*People* v. *Jones*, 42 Cal.2d 219, 223 [266 P.2d 38].) Proof of such specific intent is not necessary to establish the commission of the offense commonly called contributing to the delinquency of a minor. It is apparent the trial judge discounted some parts of the testimony of [the child]. He may have had a reasonable doubt that defendant had the specific intent required by section 288. The evidence was adequate to support his finding that defendant committed the offense of which he found him guilty.

 ''Defendant's acquittal of a violation of section 288 of the Penal Code is not a bar to his conviction of contributing to the delinquency of a minor.''

The trial court stated the whole matter clearly at the time of sentence when he said: ''You are very lucky in this case; do you know that?''

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.