**Forest Orville BUCHANAN, Petitioner,**

v.

**Richard A. McGEE, Director of Prisons and Robert A. Heinze, Warden, California State Prison at Folsom, Respondents.**

**Misc. No. 1195.**

United States Court of Appeals
Ninth Circuit.

May 19, 1961

Forest Orville Buchanan, Vacaville, Cal., in pro. per.

Before POPE, HAMLEY and HAMLIN, Circuit Judges.

POPE, Circuit Judge.

Petitioner, convicted of murder in the second degree in a California state court, and now imprisoned by the respondents pursuant to the California court judgment, filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California, Northern Division. That petition was dismissed by the district court without granting to the petitioner a hearing on the facts alleged in the petition. Petitioner now seeks to appeal to this court and in order to do so asks for a certificate of probable cause and to have counsel appointed to assist him.

We have examined the files in the district court including the petition for writ of habeas corpus which purports to incorporate by reference his memorandum filed in support thereof and we find, as did the district court, that there is no reason for our proceeding further with this matter or looking beyond the allegations of the petition for they are plainly insufficient to invoke either the jurisdiction of the district court or that of this court.

Two of the four points which petitioner seeks to make in support of his application for a certificate of probable cause are to the effect that there was an insufficiency of proof at his trial to warrant a conviction. He alleges that the record failed to show venue of the alleged crime and there was failure to prove any act of violence on his part.

Contentions of that character do not present a federal question. Of course it is conceivable that there may be extreme cases in which utter lack of evidence renders a conviction wanting in due process. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed. 2d 654, but no such case is presented by this petition for habeas corpus.

Another point sought to be made is that petitioner was denied a fair and impartial trial because there was "collusion of offices between the trial judge, acting for and on behalf of the prosecutor, and the office of the district attorney." Evidently this is an attempt to say that misconduct of the trial judge operated to deny petitioner a fair trial. There is no allegation relating to this in the petition for the writ of habeas corpus

but a reference to the memorandum referred to, sought to be incorporated by reference, shows that the petitioner is complaining about the fact that the Judge from time to time asked the witnesses questions. A reading of everything related by the petitioner in this connection shows that the court did nothing more than an able Judge is supposed to do, namely, assist the progress of questioning by interposing a question now and then; nothing there indicates the desire of the Judge to do anything except to bring out the facts. This is a completely frivolous contention.

■ The final point sought to be made relates to a claim of knowing use by the prosecutor of false or perjured evidence. The allegations of the petition in this respect are very brief and completely wanting in any particulars relating to the alleged known use of perjured testimony. The allegation in its entirety is set forth in the margin.[1]

A reference to the memorandum referred to discloses merely that petitioner asserts that a witness named Pinker committed perjury when he testified that a certain sample of soil came from the location where the deceased's body was found. It is contended that though Pinker may have believed that the sample came from there yet a sufficient foundation of proof that it actually did come from that place was wanting. He concludes that therefore Pinker committed perjury, because what he said as to the source of the sample was based on hearsay. Petitioner argues that every one, including the court, the jury, and the

prosecutor, therefore knew that this was perjury.

■ Wholly apart from the fact that the allegations wholly failed to make out a case of perjury and even less a case where the prosecutor knowingly used perjury, it is plain in this connection that there is a complete failure on the part of this state prisoner to prove that he exhausted his remedy in the state courts. It is true that he alleges that he filed a petition for writ of habeas corpus in the Supreme Court of California; that that was denied, as was his petition for certiorari to the United States Supreme Court, but there is no allegation to show and we cannot assume that the allegations of his petition to the Supreme Court of California were any more complete, adequate or sufficient than the petition filed in the court below. The result is that this case falls precisely within the rule stated in Application of Hodge, 9 Cir., 262 F.2d 778, at page 782. The point is that while California provides an adequate post-conviction remedy, the California Supreme Court holds that one claiming knowing use of perjured testimony must in his pleadings be specific, stating in detail what the facts are, just what the perjured testimony was, and in what respects the prosecutor knew about the perjury. See Ex parte Swain, 34 Cal.2d 300, 209 P.2d 793, 794, 796.

The basis for a certificate of probable cause is therefore lacking here for precisely the same reason that it was lacking in Application of Hodge, supra.

The petition is denied.

[1]. "Petitioner contends (a) that false and perjured testimony was adduced by the State's District Attorney, and submitted to both of the aforesaid Municipal and Superior Courts to procure a tainted and void conviction of 'Murder, First Degree', and (b) A Judgment of Conviction, and Mittimus or Commitment thereon, obtained by the usage of false evidence and perjured testimony—known to be false and perjured by the State's District Attorney—is void in that such acts were and are in violation of 'Due Process of Law'."