[Crim. No. 3835. First Dist., Div. One. Sept. 21, 1961.]

THE PEOPLE, Respondent, v. CLOVIEL SMITH, Appellant.

Thomas F. Doyle, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith, John S. McInerney and Daniel A. Sharp, Deputy Attorneys General, for Respondent.

THE COURT.—On March 2, 1960, a jury trying defendant for rape found him guilty of the included offense of assault with intent to commit rape. During the trial a prior conviction of violation of section 245 of the Penal Code was charged. The defendant in pleading to this charge said, "I admit that I pleaded guilty to 245 . . . I deny that it is a felony." After motions for a new trial and probation were denied he was sentenced to the state prison for the term prescribed by law and takes this appeal from the judgment of conviction.

Appellant contends, first, that the prior conviction of a violation of section 245 of the Penal Code was a misdemeanor conviction and not a felony because he was placed on probation. He states in his opening brief "The defendant, Cloviel Smith, was, on October 9, 1950, convicted of the crime of violating Section 245 of the Penal Code of the State of California. This crime is punishable either by imprisonment in the state prison or in the county jail, or by a fine, or both. As a result of said conviction, Smith was placed on probation and successfully completed the period of probation."

Section 17 of the Penal Code provides so far as pertinent as follows: "When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison."

Appellant relies primarily on In re Rosencrantz, 211 Cal. 749 [297 P. 15], a case in which petitioner was placed on probation as was appellant in connection with his prior conviction. The Rosencrantz case was concerned with whether

petitioner had been convicted within the meaning of habitual criminal provisions of section 644 of the Penal Code. But in *People* v. *Banks,* 53 Cal.2d 370 [348 P.2d 102], the Supreme Court expressly disapproved of that portion of the *Rosencrantz* case which held "the prior offense was not within the then applicable provision of section 644 of the Penal Code ... which prescribed life imprisonment without possibility of parole for one convicted of felony who had been 'previously three times convicted ... of any felony' ... because 'she was not sentenced at all, nor was any judgment of conviction pronounced.'" (P. 389.) In *People* v. *Banks, supra,* at pages 387-388, the court said: "It is to be assumed that the judge who grants probation does so with discriminating appreciation of the effect of the form of his order upon defendant's activities and status. (*Stephens* v. *Toomey* (1959), *supra,* 51 Cal.2d 864, 873 [20] [338 P.2d 182].) Among other things, the judge presumably has in mind the rule of the *Doble* case (1925), *supra,* 197 Cal. 556, 576-577 [7] [241 P. 852], and its possible applications developed in the cases collected in footnote 7, *supra.* Thus, when he suspends pronouncement of sentence for an alternatively punishable offense, it is to be assumed that while he did not wish to deprive the defendant of his civil rights and thereby unnecessarily hamper defendant's efforts to rehabilitate himself (by stigmatizing him even temporarily as one against whom a judgment of conviction of felony and sentence to prison had been entered) the judge also did not wish to classify the defendant as a mere misdemeanant whose offense would not be available, for example, to increase defendant's punishment if defendant should thereafter prove himself a recidivist. [Footnote omitted.] (See Pen. Code, § 3024.) And here it is to be presumed that the Alameda judge who suspended imposition of sentence for violation of former section 503 of the Vehicle Code did so with recognition that defendant would remain classified as one convicted of a felony within the meaning of section 12021 of the Penal Code until and unless the Alameda offense was reduced to a misdemeanor by imposition of appropriate sentence or until defendant successfully completed probation and received the statutory rehabilitation provided for by section 1203.4 of the Penal Code." ■■■ An order granting probation is not a judgment. ". . . the order placing a defendant on probation ... is not a judgment and sentence." (*People* v. *Wallach,* 8 Cal.App.2d 129, 133 [47 P.2d 1071].) ". . . although defendant was guilty and

had been *convicted,* having been placed on probation in the first instance there was no *existing judgment* against him. Probation is not a judgment." (*In re Marquez,* 3 Cal.2d 625, 627 [45 P.2d 342].) "There is no finality to an order for probation; it imposes no penalties but is 'an act of clemency.'" (*In re Hays,* 120 Cal.App.2d 308, 310 [260 P.2d 1030]. See also *In re Goetz,* 46 Cal.App.2d 848, 851 [117 P.2d 47]; *In re Martin,* 82 Cal.App.2d 16, 20 [185 P.2d 645].) "In view of the above noted matters, *In re Rosencrantz* (1931), *supra,* 211 Cal. 749, cannot be considered as authority contrary to the general California rule that 'A plea of guilty constitutes a conviction.' (*Stephens* v. *Toomey* (1959), *supra,* 51 Cal.2d 864, 869 [1].)" (*People* v. *Banks, supra,* 53 Cal.2d 370, 390-391.)

 It is only after a judgment imposing a punishment other than imprisonment in a state prison that this type of case is reduced from a felony to a misdemeanor. Therefore, the prior in this case is a felony.

 Appellant also contends that it was error for the court over the objection of defendant to instruct the jury on included offenses. The defendant was charged with a violation of section 261 of the Penal Code, rape, and convicted of a violation of section 220 of the Penal Code, assault with intent to commit rape. The complaining witness testified to acts which constituted a contemplated offense of rape. Mrs. Pope, a friend of the complaining witness, who witnessed parts of the offense, testified to facts showing that there was an attempted rape but could not testify that it was consummated. If a jury believed the complaining witness only so far as she was corroborated by Mrs. Pope then the offense was assault with the intent to commit rape. Appellant states that, "In the absence of any California cases directly in point" he relies on a Georgia case which follows the rule that "Where all the evidence makes a case of rape, the jury would not be authorized to believe the injured female's testimony in part and disbelieve it in part." (*Hicks* v. *State,* 89 Ga.App. 365 [71 S.E.2d 695, 696].) But this is not the law in California. Here the jury may believe part of the testimony of a complaining witness and render a verdict for a lesser included offense for good reason, or no reason at all. The trier of fact has "the *power,* because of obvious extralegal factors or for no apparent reason, to find a defendant guilty of a lesser degree or class of crime than that shown by the evidence." (*People* v. *Powell,* 34 Cal.2d 196, 205 [208 P.2d 974].

See also *People* v. *Doyle,* 175 Cal.App.2d 309 [345 P.2d 971].) In this connection, appellant cites *People* v. *Romersa,* 111 Cal.App.2d 173 [244 P.2d 98], which quite correctly holds that in a prosecution for lewd conduct with a child, in violation of section 288 of the Penal Code, it is not error to refuse to instruct the jury regarding the lesser included offense of contributing to the delinquency of a minor where defendant did not present his defense on a theory that an act committed by him might be such lesser offense; and where such instruction would conflict with an instruction requested by defendant, and given, to acquit the defendant if the evidence did not convince the jury beyond a reasonable doubt that every element of section 288 of the Penal Code had been proved beyond a reasonable doubt. In that case the court said (p. 178) : ''The judge did not err in selecting that last mentioned instruction, requested by appellant, which appeared to be consistent with the evidence and appellant's theory of defense (that he should be acquitted of all offenses), and in rejecting the other instructions requested by him, regarding a lesser offense, which were in conflict therewith.'' We do not have that situation in the instant case.

The judgment is affirmed.

BRAY, P. J., and TOBRINER, J.—This opinion was written prior to his death by Honorable Ralph E. Hoyt, duly assigned to sit pro tempore with this court. We adopt it as the opinion of the court.