[Crim. No. 9236. In Bank. Feb. 2, 1966.]

In re RAY J. CARLSON on Habeas Corpus.

Alexander L. Oster for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Harold F. Bradford, Deputy Attorneys General, for Respondent.

PEEK, J.—Ray J. Carlson is presently confined at the California Conservation Center at Susanville, serving a sentence for violation of section 11500 of the Health and Safety Code (possession of narcotics), with a prior conviction, upon a plea of guilty, for violation of section 11721 of the Health and Safety Code, a misdemeanor.

Carlson has served in excess of ten years, the maximum sentence which could have been imposed absent the prior misdemeanor conviction. (Health & Saf. Code, § 11712; repealed Stats. 1959, ch. 1112, p. 3193.) He seeks release by writ of habeas corpus on the ground that "the prior misdemeanor conviction of section 11721, Health and Safety Code is of no effect on the present sentence since the United States Supreme Court in the case of *Robinson* v. *California* (1962) 370 U.S. 660 [82 S.Ct. 1417, 8 L.Ed.2d 758], held section 11721 Health and Safety Code unconstitutional. . . ."

It first appears that petitioner has misconstrued the holding of *Robinson* v. *California, supra,* 370 U.S. 660. The United States Supreme Court there held that section 11721 of the Health and Safety Code[1] inflicted a cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments *insofar as it purported to constitute the status of narcotics addiction a crime.* (See *In re Becerra,* 218 Cal.App.2d 746 [32 Cal.Rptr. 910].) That conviction was had after the judge had instructed the jury that violation of the statute would occur if they found *either* that the defendant had used narcotics in Los Angeles County, *or* that defendant's "status" or "chronic condition" was that of being "addicted to the use of narcotics." The United States Supreme Court, though recognizing that a conviction for *use* of narcotics would have no constitutional infirmity, reversed because the alternative nature of the trial court's instructions made it impossible to know whether the verdict was based on this proper ground, or on the constitutionally invalid ground of *addiction.*[2] (*Robinson* v. *California, supra,* at p. 665.)

---

[1]In the version of section 11721 with which the United States Supreme Court was concerned in *Robinson,* the relevant language was as follows: "No person shall use, or be under the influence of, or be addicted to the use of narcotics. . . ." (Stats. 1957, ch. 1064, p. 2343.) The relevant language at the time of petitioner's misdemeanor conviction, May 13, 1953, was as follows: "No person shall unlawfully use or be addicted to the unlawful use of narcotics." (Stats. 1953, ch. 1770, p. 3528.)

[2]In 1963 the section was amended to delete the invalid portion and to read in relevant part as follows: "No person shall use, or be under the influence of narcotics. . . ." (Stats. 1963, ch. 913, p. 2162.)

 If the sole sufficient ground for petitioner's section 11721 conviction was the unconstitutional portion of that statute, or if, as in *Robinson*, that portion was a possible alternate sole sufficient ground, then the writ which he seeks should issue. (See *In re Newbern*, 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116].) On the other hand, the writ should not issue if that conviction had, as a sufficient ground, something other than the illicit portion of the statute. (*In re Bell*, 19 Cal.2d 488, 498-499 [122 P.2d 22].) Although section 11721 lacks an express severability clause, the usual standards of severability are clearly met in that the constitutional portions of the statute "can be separated from the unconstitutional part without destroying the statutory scheme or purpose." (*People* v. *McCaughan*, 49 Cal.2d 409, 416 [317 P.2d 974].) Further, section 11721 was held severable by necessary implication in *In re Becerra, supra*, 218 Cal.App.2d 746.

*In re Becerra, supra*, involved the precise issue at bar. There defendant had pleaded guilty to a complaint charging in the *conjunctive* violation of section 11721 in that he "did wilfully and unlawfully use *and* be addicted to the unlawful use of narcotics." (Italics added.) Upon subsequent conviction of violation of section 11500, he received the augmented sentence prescribed by section 11712. After the *Robinson* decision he sought discharge by habeas corpus. The District Court of Appeal denied his application: "Since he was convicted not alone of narcotics addiction but of narcotics use as well, the prior conviction is not affected by *Robinson* v. *California*." (*In re Becerra, supra*, at p. 747.)

 Unfortunately, the record in the instant case is not so complete as that in *Becerra*: the complaint alleging petitioner's violation of section 11721, to which he pleaded guilty, is not before us. Petitioner did not include his copy of the complaint with his petition, and respondent was unable to include a copy in his return for the reason that this complaint, together with many other misdemeanor complaints, was destroyed by order of the presiding judge pursuant to section 1428b of the Penal Code. The docket was not so destroyed, but the only information which it provides as to the content of the complaint is that defendant was charged with committing "a misdemeanor, to-wit: VIOLATION OF SECTION 11721 HEALTH & SAFETY CODE." The lower court record therefore gives us little aid as to the question whether use and addiction, or solely addiction, was charged.

Respondent, though unable to provide a copy of the complaint, includes in his return two declarations which seek to show the content of the complaint by reference to form complaints. The declaration of Philip E. Grey, assistant city attorney, states that the form in use at the time here relevant alleged that the defendant "at the time and place last aforesaid was then and there a person who did wilfully and unlawfully use and be addicted to the unlawful use of narcotics"; that no other complaint form was in use at that time; and that "it was not the practice" of prosecutors to amend the complaint form to charge only addiction. The declaration of John L. Denny, deputy city attorney who represented the People when defendant Carlson was arraigned on the section 11721 charge, states "that declarant is of the unalterable opinion that during the year 1953 he never used any complaint form alleging a violation of Section 11721 of the Health and Safety Code other than such printed forms," and "that to the best of declarant's memory he never altered one of such form complaints so that it charged only 'addiction' to the unlawful use of narcotics, nor does he recall ever having seen one so altered."

Petitioner offers two sworn statements in support of his position. The first, found in his petition, is that he suffered "conviction by plea of guilty to a misdemeanor, to-wit violation of section 11721 Health and Safety Code (Addiction)." This is at best an equivocal allegation that the complaint charged only addiction.

The second statement is found in a separately filed declaration, and reads in relevant part as follows: "That on April 30, 1953, your declarant was arrested by the Los Angeles police for having marks on his arm and was charged with a violation of section 11721 of the Health and Safety Code. After due proceedings had your declarant entered a plea of guilty to the charge being of the belief that the charge was addiction by reason of the marks on his arm. If the arrest report was available it should show that declarant was arrested by reason of the marks and for no other cause." The certified copy of the arrest report refutes this statement. It shows in substance that petitioner and four other men were apprehended in the act of administering heroin to themselves, that petitioner at the time of the arrest had blood running from one of the several needle marks on his arm, and that petitioner then and there "stated he had only taken a few drops of heroin out of the eye dropper when officers arrived."

While the arrest report clearly does not constitute persuasive evidence as to the content of the complaint by which petitioner was charged, it does show that, contrary to petitioner's declaration, no support for his position is to be found therein.

The presumption of regularity which attached to a judgment collaterally attacked (see *Johnson* v. *Zerbst*, 304 U.S. 458, 468 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357]; *In re Bell, supra,* 19 Cal.2d 488, 500) places upon a petitioner the burden of proving that his conviction was based not upon the constitutional but upon the unconstitutional provisions of the statute under which he was convicted. (See *In re Bell, supra,* at pp. 501, 504.) In attempting to sustain this burden he is not confined to the evidence presented at trial but may have resort to "any necessary additional evidence bearing on the infringement" of his rights. (*In re Bell, supra,* 19 Cal.2d 488, 501.)

Petitioner has failed to present evidence sufficient to sustain this burden, and his petition must therefore be denied. This determination is made in spite of our awareness that the destruction of the court copy of the complaint herein by order of the presiding judge (Pen. Code, § 1428b) has limited[3] petitioner's access to that document for the purpose of proving his allegations. However, this limitation, stemming from a legislatively sanctioned practice properly directed toward a practical administrative problem of the courts, does not require our agreement with petitioner's contentions because of a lack of primary evidence. The necessity that a resolution of properly presented constitutional questions be made in spite of difficulties imposed by the passage of time requires a present determination on the basis of available evidence. (Compare *In re Woods, ante,* p. 3 [48 Cal. Rptr. 689, 409 P.2d 913]; *In re Luce, ante,* p. 11 [48 Cal. Rptr. 694, 409 P.2d 918]; *In re Tucker, ante,* p. 15 [48 Cal. Rptr. 697, 409 P.2d 921].)

The order to show cause is discharged, and the petition for the writ of habeas corpus is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

Petitioner's application for a rehearing was denied March 2, 1966. Mosk, J., was of the opinion that the petition should be granted.

___

[3]Petitioner has not produced the copy of the complaint provided to him at the 1952 proceedings.