**N. E. MIHAILOVIKI, Appellant,**

v.

**STATE OF CALIFORNIA, Appellee.**

No. 20729.

United States Court of Appeals
Ninth Circuit.
July 27, 1966.

N. E. Mihailoviki, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before JOHNSEN,* BARNES and HAMLEY, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner charged with rape, was convicted of attempted rape, a necessarily included lesser offense. He was sentenced on July 16, 1963. He appeals from the denial of his petition for a writ of habeas corpus.

His notice of appeal was filed untimely, but we can and do deem his request for a certificate of probable cause and for leave to file his appeal in forma pauperis as timely notice of appeal.

Appellant asserts he is entitled (a) to a hearing in the district court and (b) to be discharged from custody. He is not.

Appellant urges several violations of his constitutional rights in general terms, which may be summarized as follows:

1. Appellant's room was unlawfully searched. Answer: the state court opinion on appeal shows two articles (an immigration card and a grey coat) were taken in the search, but neither were produced at the trial, nor in any way used against him.

2. Appellant was denied counsel prior to indictment, Escobedo v. State of Illinois being relied upon. Answer: Appellant was convicted July 16, 1963; eleven months prior to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964)—"* * * *Escobedo* affects only those cases in which the trial began after June 22, 1964." Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (decided June 20, 1966).

3. The testimony which convicted appellant "was false on its face." Answer: Such a ground is unintelligible, and wholly conclusionary. Buchanan v. McGee, 290 F.2d 711, 713 (9th Cir. 1961).

4. Appellant urges he was not convicted of the crime charged against him. Answer: Under California law, the crime of attempted rape is a lesser and necessarily included charge in the crime of rape. People v. Smith, 195 Cal. App.2d 735, 738, 16 Cal.Rptr. 12.

5. Appellant urges that he had a lawyer who "lied to petitioner, plead guilty for petitioner, and did not present any defense at all." Answer: The first allegation is purely conclusionary and no facts are suggested; the next two allegations are false, on the record, and based on other allegations of appellant.

6. Lack of effective aid of counsel was raised on the direct appeal. Answer: The California courts specifically ruled against this contention.

We have gone into some detail to satisfy ourselves that the appellant has not received a quick brush-off.

In addition to all the foregoing, appellant has filed his petition without naming an essential party. No writ of habeas corpus can be directed to the State of California alone.

The denial of a writ of habeas corpus is affirmed.

* Harvey M. Johnsen, 8th Circuit, sitting by designation.