[Crim. No. 5618. First Dist., Div. Three. Nov. 18, 1966.]

In re JESSE CARRANZA MONTENEGRO on Habeas Corpus.

Jared G. Carter, under appointment by the District Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Frank C. Damrell, Jr., Deputy Attorneys General, for Respondent.

DRAPER, P. J.—In 1959, petitioner pleaded guilty to possession of heroin (Health & Saf. Code, § 11500) and admitted a prior misdemeanor conviction under the then "drug addict statute" (Health & Saf. Code, § 11721). He was sentenced to the term prescribed by law. Under the statute in effect in 1959, this prior conviction increased his maximum term from 10 years to 20 years. Petitioner asserts that his 1957 conviction was under that portion of section 11721 which has since been held unconstitutional. Thus, he says, the augmentation of his sentence is improper. ▇ Even if his maximum term is but 10 years, it will not expire until late 1969, and he would not be entitled to present discharge from prison. But

habeas corpus is a proper means to obtain a declaration of his maximum term (Witkin, Cal. Criminal Procedure (1963) p. 780, § 808a). We issued an order to show cause, and appointed counsel for petitioner.

The statute under which he was convicted in 1957 (Health & Saf. Code, § 11721; Stats. 1955, ch. 1381, pp. 2475-2476) provided: "No person shall unlawfully use or be addicted to the use of narcotics. No person shall be under the influence of narcotics," except when administered under prescription. To the extent that it provided punishment for addiction to narcotics, the section was held unconstitutional by the United States Supreme Court in 1962 (*Robinson* v. *California*, 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417]). That court recognized the validity of criminal sanctions against the use of narcotics. But, because it was "impossible to know from the jury's verdict" that Robinson was not convicted upon a finding of addiction alone, the California judgment was reversed.

In this collateral attack, however, petitioner has the burden of showing that his conviction rests upon the unconstitutional, rather than the valid, portion of the statute (*In re Bell*, 19 Cal.2d 488, 501, 504 [122 P.2d 22]).

The information filed in 1957 charged that petitioner and another violated section 11721 in that they "did unlawfully use and are addicted to the unlawful use of narcotics, and were under the influence of narcotics." A plea of guilty to this conjunctive charge necessarily would admit the "use" of narcotics, which is not within the constitutional bar of *Robinson*. Thus, no constitutional barrier would be encountered, and petitioner would be denied relief (*In re Carlson*, 64 Cal.2d 70 [48 Cal.Rptr. 875, 410 P.2d 379]; *In re Becerra*, 218 Cal.App.2d 746 [32 Cal.Rptr. 910]).

Here, however, the case was tried to a jury. No transcript was prepared, and the reporter's notes have been destroyed. We do, however, have the instructions given. We may look to them in determining the true basis for the verdict (*In re Klor*, 64 Cal.2d 816 [51 Cal.Rptr. 903, 415 P.2d 791]).

The court opened by reading to the jury the conjunctive charge of the information. But it later read the disjunctive language of the statute itself. It instructed that after proof that defendants "unlawfully used or were addicted to or were under the influence of a narcotic," the burden was upon them to show the existence of a prescription. It also instructed that an addict is one "who unlawfully uses, or is addicted to the unlawful use of, narcotics."

These instructions clearly directed the jury to find defendant guilty if he either used (permissible under *Robinson*), or was addicted (constitutionally impermissible) to the use of narcotics. If the testimony at trial were available, we should look to it (*In re Bell, supra,* 19 Cal.2d 488; *In re Klor, supra,* 64 Cal.2d 816 [51 Cal.Rptr. 903, 415 P.2d 791]). Lacking a transcript, we are compelled to assume that there was evidence of addiction, as distinguished from any specific occasion of use, since the established practice is to instruct only upon issues raised by the evidence. It follows that the unconstitutional part of the statute was a "possible alternative sole sufficient ground" of conviction (*In re Carlson, supra,* 64 Cal.2d 70, 73). In light of the implications of *Carlson,* we do not read *Bell* to place upon petitioner the burden of showing conclusively that his conviction was based solely upon the unconstitutional portion of the section. The instructions indicate a strong likelihood that addiction was a ground of conviction. This, we conclude, meets the burden placed upon defendant. Absent some counter-showing, petitioner has made out a case.

The attack made by petitioner upon his 1959 conviction is without merit.

The term for which petitioner is imprisoned must be declared to have a maximum of 10 years. Since he is not presently entitled to release, the order to show cause is discharged and defendant shall remain in custody under the term here limited.

Salsman, J., and Devine, J., concurred.