[Crim. No. 13961. In Bank. Apr. 30, 1970.]

In re LAWRENCE O'NEIL SMITH on Habeas Corpus.

### Counsel

Edward J. Horowitz, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Respondent.

### Opinion

**MOSK, Acting C. J.**—In this habeas corpus proceeding petitioner attacks the validity of a prior narcotics conviction used to increase the prison term imposed for a subsequent narcotics offense.

In 1954 petitioner was convicted on a plea of guilty of violating Health and Safety Code section 11721 (use of or addiction to narcotics).[1] In 1956

---

[1]At the relevant time Health and Safety Code section 11721 provided in part: "No person shall unlawfully use or be addicted to the unlawful use of narcotics. Any

he was convicted by a judge sitting without a jury of violating Health and Safety Code section 11500 (possession of narcotics other than marijuana). The trial court found that the 1954 narcotics conviction had been proved, and petitioner was sentenced to the term prescribed by law.[2] We affirmed the conviction. (*People* v. *Smith* (1958) 50 Cal.2d 149 [323 P.2d 435].)

Petitioner now contends the 1954 conviction cannot be used to aggravate the maximum sentence for the 1956 narcotics conviction because Health and Safety Code section 11721 has since been held unconstitutional by the United States Supreme Court. Petitioner relies on *Robinson* v. *California* (1962) 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417]. In that case the court held that insofar as section 11721 punished a person for being addicted to the use of narcotics, the statute imposed cruel and unusual punishment under the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. (*Robinson* v. *California, supra,* 370 U.S. at pp. 666-667 [8 L.Ed.2d at pp. 762-763].) The court, however, did not strike down that portion of section 11721 which makes unlawful the use of narcotics. (*In re Carlson* (1966) 64 Cal.2d 70, 72 [48 Cal.Rptr. 875, 410 P.2d 379].)

In the *Carlson* case we stated at page 73: "If the sole sufficient ground for petitioner's section 11721 conviction was the unconstitutional portion of that statute, or if, as in *Robinson,* that portion was a possible alternate sole sufficient ground, then the writ which he seeks should issue. (See *In re Newbern,* 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116].) On the other hand, the writ should not issue if that conviction had, as a sufficient ground, something other than the illicit portion of the statute. (*In re Bell,* 19 Cal.2d 488, 498-499 [122 P.2d 22].)" (See also *In re Becerra* (1963) 218 Cal.App.2d 746, 747 [32 Cal. Rptr. 910].) We stated further at page 75: ■ "The presumption of regularity which attached to a judgment collaterally attacked (see *Johnson* v. *Zerbst,* 304 U.S. 458, 468 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357]; *In re Bell, supra,* 19 Cal.2d 488, 500) places upon a petitioner the burden of proving that his conviction was based not upon the constitutional but upon the unconstitutional provisions of the statute under which he was convicted. (See *In re Bell, supra,* at pp. 501, 504.) ■ In attempting to sustain this burden he is not confined to the evidence presented at trial but may have resort to 'any

person convicted of violating any provision of this section is guilty of a misdemeanor. . . ."

[2]At the time petitioner was convicted of possession of narcotics (Health & Saf. Code, § 11500), the maximum penalty for a first offense was 10 years in prison. The maximum sentence for a second or subsequent offense was 20 years in prison. (Health & Saf. Code, § 11712, repealed in 1959; now see Health & Saf. Code, § 11500.)

necessary additional evidence bearing on the infringement' of his rights. (*In re Bell, supra,* 19 Cal.2d 488, 501.)"

The evidence before us demonstrates that petitioner has not met this burden. Although the complaint filed against petitioner in 1954 has since been destroyed by court order,[3] the Attorney General has submitted evidence that petitioner was charged with and therefore pleaded guilty to both the use of and addiction to narcotics.[4] The declaration of Philip E. Grey, Assistant City Attorney of Los Angeles, states that at the time petitioner was arraigned and convicted, a prepared form of complaint was used in prosecutions for violations of section 11721 which charged that the defendant "did wilfully and unlawfully use and be addicted to the unlawful use of narcotics." The declaration further states that "[i]t was not the practice of deputies assigned to prosecute cases under Section 11721 to amend the complaint form . . . to charge only that the accused was addicted to the unlawful use of narcotics." The declaration of John L. Denny, the deputy city attorney assigned to represent the People when petitioner was arraigned, states that the declarant is "of the unalterable opinion that during the year of 1954, [he] never used any complaint form alleging a violation of Section 11721 of the Health and Safety Code other than such printed forms, since if [he] had done so it would have been such an unusual occurrence that [he] . . . would remember it to this day."

Petitioner has presented no evidence sufficient to overcome the presumption of regularity which attached to the judgment or the showing offered by the Attorney General that he pleaded guilty to both the use of and addiction to narcotics.[5] His sole allegation in this regard is that he "was arrested on or about October, 1954 and was convicted for being addicted to the use of narcotics (violation of Section 11721 Health & Safety Code) which addiction was determined by the opinion of an investigating officer of the Los Angeles Police Department." This allegation is not inconsistent with a plea of guilty to a joint charge of use of and addiction to narcotics.

Petitioner has placed some reliance on the 1954 arrest report. In that

---

[3] The destruction of municipal court criminal records over five years old is authorized by Penal Code section 1428b.

[4] When the original complaint charging violation of Health and Safety Code section 11721 is unavailable, it is permissible to prove the form of the charge by other evidence. (See *In re Carlson* (1966) 64 Cal.2d 70, 74-75 [48 Cal.Rptr. 875, 410 P.2d 379].)

[5] In affirming petitioner's 1956 narcotics conviction, we stated: "It [the trial court] also found that he was previously convicted of narcotic addiction (Health & Saf. Code, § 11721), a misdemeanor . . . ." (*People* v. *Smith* (1958) 50 Cal.2d 149, 150 [323 P.2d 435].) We have reviewed the record of the 1956 conviction, but we can find no reference by either the trial court or the parties to the specific part of section 11721 to which petitioner pleaded guilty in 1954. Accordingly, our statement that petitioner was "convicted of narcotic addiction" cannot be dispositive.

report petitioner is quoted as saying: "I've been using heroin for the past four years. I had my last fix of heroin Monday [two days before his arrest] at about 3:00 in the afternoon. I shot a half a cap of H at that time." The report also contains the following statement by the arresting officers: "Officers, while conducting a narcotic investigation in the vicinity of 102 and Graham, stopped the above suspect after observing him talk to several unknown people, who left immediately. Examination revealed that he was a user of narcotics, and old scar tissue as well as fresh needle marks were observed over the inside veins of both left and right arms." The statements in the arrest report at best are only inconclusive as to whether petitioner was arrested for and subsequently pleaded guilty to the use of or addiction to narcotics.

Petitioner further contends he was not represented by counsel during the 1954 proceedings. He alleges that "[t]o the best of his memory and knowledge petitioner was not represented by counsel at the court proceedings held in 1954 nor did he intelligently and understandingly waive his right to counsel." This allegation is refuted by the record. The docket sheet shows that at the time of petitioner's arraignment and trial he was represented by an attorney.

The order to show cause is discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Burke, J., Sullivan, J., and Ford, J.,* concurred.

*Assigned by the Acting Chairman of the Judicial Council.