**John Cruz CUELLAR, Petitioner,**

v.

**Louis S. NELSON et al., Respondents.**

**No. C-69 174.**

United States District Court,
N. D. California.

Jan. 11, 1971.

Graham & James, by Paul Dezurick, San Francisco, Cal., for petitioner.

Thomas C. Lynch, Atty., Gen., John T. Murphy, Sanford Svetcov, Deputy Attys. Gen., San Francisco, Cal., for respondents.

MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

GEORGE B. HARRIS, Senior District Judge.

Petitioner was convicted upon a plea of guilty of a violation of the California

Health and Safety Code, § 11500, possession of narcotics, April 1, 1958, and sentenced to a term of imprisonment of 2–20 years. This sentence was mandatory by reason of three (3) prior convictions for violations of the Health and Safety Code, § 11721, which then made unlawful the use of or addiction to narcotics. Petitioner now attacks the constitutionality of the prior convictions. Petitioner asserts that his 1958 sentence was improperly enhanced from a term of 1–10 years to a term of 2–20 years by reason of the prior allegedly unconstitutional convictions.

Petitioner also alleges as grounds for relief that he was denied the assistance of counsel and was inadequately represented at his former trials. He concedes, however, that he has not exhausted his state remedies on these issues, and accordingly, the petition should be dismissed as to those issues. Howard v. Craven, 306 F.Supp. 730, 732 (C.D.Cal. 1969).

Petitioner's primary contention is that his prior convictions are void because they were based on the provision of § 11721 which made addiction to narcotics unlawful. Inasmuch as that provision has subsequently been declared unconstitutional in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), petitioner would be entitled to the relief sought were his convictions based on addiction. The Supreme Court stated that a conviction for the *use* of narcotics would have no constitutional infirmity, but reversed because the alternative nature of the trial court's instructions made it impossible to know whether the verdict was based on *use* or on the constitutionally invalid ground of *addiction.*

Both the petitioner and respondent agree that if the sole sufficient ground for petitioner's conviction under § 11721 was the unconstitutional portion of the statute, or if, as in *Robinson,* that portion was a possible alternate sole sufficient ground, then the writ which petitioner seeks should issue.

The primary issue then confronting this Court is whether the petitioner carries the burden of proving that the prior conviction was based on the unconstitutional portion of the statute or whether the respondent carries the burden of showing the conviction to have been based on the valid portion.

The precise issue at bar has been previously considered by the California Supreme Court in In re Carlson, 64 Cal.2d 70, 48 Cal.Rptr. 875, 410 P.2d 379 (1966). In *Carlson,* as in the instant case, the petitioner contended that the respondent carried the burden of proving that the prior conviction was based on the valid portion. In rejecting this contention, the Court held that the presumption of regularity which attached to a judgment collaterally attacked (Cf. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 [1937]), places upon the petitioner the burden of proving that his conviction was based upon the unconstitutional portion of the statute.

The petitioner in the instant case argues that it is error to extend the language of *Johnson* to all collateral attacks. This contention is premised on the ground that at the times petitioner was convicted of violations of § 11721, the state was not violating the Constitution by imposing criminal sanctions for addiction to heroin inasmuch as the *substantive* law was not then recognized as unconstitutional. Petitioner asserts that "It is one thing to presume the regularity of a procedure whose constitutional standards of acceptability were substantially similar at the time of trial and the time of attack. It is quite another matter to presume the 'regularity' of a substantive provision which although now seen to be unconstitutional, at the time of trial was perfectly permissible."

The issue as to where the burden of proof lies is critical in that the records upon which petitioner's violations of § 11721 were based have been destroyed pursuant to the Penal Code, § 1428b. However, it is to be noted that petitioner

**1226**

in the instant case entered guilty pleas to the charged violations of § 11721.

The only remaining records pertaining to the convictions are the several police reports. The petitioner argues that these reports do not contain facts sufficient to sustain the constitutionality of petitioner's convictions. The informations which would indicate the particular provisions of § 11721 pursuant to which petitioner was charged are no longer available. The docket entries show merely that petitioner was convicted of violations of § 11721, without specification.

In *Carlson, supra,* the Court stated that in attempting to sustain his burden of proof, the petitioner is not confined to the evidence at trial but may resort to any additional evidence necessary to sustain his burden. The petitioner argues that this Court should not follow the *Carlson* case, but rather, should cast the burden of proof on the respondent. This contention must be rejected.

In re Carlson, *supra,* 64 Cal.2d p. 75, 48 Cal.Rptr. p. 878, 410 P.2d p. 382, sets forth the rule applicable to this case:

"The presumption of regularity which attached to a judgment collaterally attacked (see Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 [146 A.L.R. 357] ; In re Bell [*supra*], 19 Cal.2d 488, 500, 122 P. 2d 22) places upon a petitioner the burden of proving that his conviction was based not upon the constitutional but upon the unconstitutional provisions of the statute under which he was convicted. (See In re Bell [*supra*], at pp. 501, 504, 122 P.2d 22.) In attempting to sustain this burden he is not confined to the evidence presented at trial but may have resort to 'any necessary additional evidence bearing on the infringement' of his rights. (In re Bell [*supra*], 19 Cal.2d 488, 501, 122 P.2d 22, 30.)"

*The Evidentiary Hearing:*

The evidentiary hearing afforded petitioner and ordered by this Court, demonstrated that he was charged conjunctively with addiction *and* use in 1954 and with addiction *and* use *and* under the influence in 1956 (City Attorney's Declaration and Complaints). If the unconstitutional portion is removed, the convictions still stand in reliance upon the valid portions of the statute. In re Smith, 2 Cal.3d 508, 86 Cal.Rptr. 4, 467 P.2d 836 (1970).

Credible evidence was presented by respondents demonstrating that petitioner was in fact, as well as in form, charged with use and under the influence, as well as addiction.

The City Attorney's affidavits and complaints received by the Court establish the form of the charge. The arrest reports and testimony of Captain Shelly and Officer Vera afford a factual basis for finding either use or under the influence, as to each of the three specified arrests. Both officers frankly admitted that they were not qualified to determine addiction, had no training in this field, and had never made an arrest for addiction.

The difficulties imposed by the passage of time are quite apparent in the factual presentation and ultimate judicial disposition of this type of case. Recollections of respondent's witnesses, as well as petitioner's, are necessarily dimmed.

Despite this inherent problem, the Court has attempted to fairly consider all of the testimony and written records in evidence and the inferences to be drawn therefrom and has concluded that the petitioner has failed to discharge the burden of proof.

Accordingly, the petition must be, and hereby is, denied and the order to show cause discharged.