**918**

Paul ERENYI, Petitioner,

v.

C. J. FITZHARRIS, Superintendent, and Raymond K. Procunier, Director of the Department of Corrections, Respondents.

Civ. No. 70-1334.

United States District Court,
C. D. California.

July 28, 1971.

Paul Erenyi, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Alan V. Hager, Deputy Atty. Gen., Los Angeles, Cal., for respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner was originally charged in Los Angeles County Superior Court by an Information with 3 counts. After a non-jury trial, he was found not guilty of Burglary (Penal Code § 459) on Count I, and guilty of Receiving Stolen Property (Penal Code § 496), on Counts II and III. Proceedings were suspended March 6, 1967, and he was granted probation, which was subsequently revoked. When this Petition was filed, Petitioner was confined at the Correctional Training Facility, Soledad, but has since advised the Court that he is now at liberty on parole. Accordingly, the Court has amended the title of this Petition to include his current custodian.

The judgment of conviction was affirmed July 30, 1968, by the Court of Appeal, Second Appellate District, in an unpublished Opinion, and the same Court denied a Motion to Recall the Remittitur on April 15, 1969. Motion for Hearing or alternative Petition for Writ of Habeas Corpus was denied by the California Supreme Court on January 8, 1970.

Petitioner makes the following contentions about Counts II and III on which he was convicted:

1. Extrajudicial statements were introduced against him in violation of his *Miranda* rights.

2. Evidence introduced against him for Count II was the result of an illegal search and seizure on May 26, 1966.

3. Appellate counsel was ineffective and incompetent.

The Court has examined and considered the Petition, Response, Traverse, and the points and authorities cited in

connection therewith. In addition, the Court has studied the following documents:

1. Unpublished Opinion of the Court of Appeal, Second Appellate District.

2. Petition to Supreme Court for Hearing or Writ of Habeas Corpus.

3. Clerk's transcript.

4. Reporter's transcript on appeal.

5. Brief by counsel on appeal.

6. Motions by Petitioner treated as Motion to Recall the Remittitur.

7. Various exhibits submitted by Petitioner and by Respondent.

Thus, the Court is fully advised in the premises, and orders that the Writ of Habeas Corpus be denied for the following reasons.

Officers Barr and Lovold were investigating various burglaries, and had received information from different official agencies which led them to Petitioner. One burglary victim identified Petitioner's picture, although he was not positive whether he had seen him in his jewelry store. Other victims of burglaries committed by the same *modus operandi* also recognized Petitioner's photograph. On May 26, 1966, the officers went to an apartment house where the manager identified Petitioner's picture as the occupant of Apartment 12, and whose name had been given as "Martone." (R.T. 53)

The officers received no answer to their knock on the door of Apartment 12, which was on the second floor. As they started to leave, they saw Petitioner enter on the ground floor and called that they wanted to talk to him. Officer Barr went downstairs, and while he was descending, Lovold watched Petitioner from his vantage point above. He saw Petitioner go to Apartment 4, directly below Apartment 12, and deposit a package on top of a wastebasket outside Apartment 4. Lovold came down, saw jewelry protruding from the package and retrieved it. (This jewelry was part of the evidence used in the prosecution under Count II of which Petitioner was convicted.)

Petitioner was placed under arrest and given certain admonitions (R.T. 63, 68). He was then taken to a garage in the rear of the apartment building where the officers searched Petitioner's and other cars by means of keys obtained from Petitioner. Nothing was found, and they then took Petitioner to his own apartment (Apartment 12), some 50 feet removed from Apartment 4 where he was arrested. Again using Petitioner's keys, the officers entered and searched his apartment, over Petitioner's objections, finding additional jewelry which was also introduced in support of Count II. After this arrest, Petitioner was released on a writ, and no charges were filed against him.

On June 3, 1966, Petitioner came to Barr in the Burglary Division of the Police Building seeking the return of the property previously seized. No *Miranda* warnings were given at that time, but Barr questioned Petitioner about the jewelry (R.T. 123–124). (This conversation was introduced by the prosecution at the later trial.) The day before that visit by Petitioner, Barr had learned that the Pomona police were going to seek a complaint (R.T. 129), but he did not know that the complaint had actually been issued until he received it in the mail the following week. Petitioner was arrested on the Pomona warrant July 26, 1966, at which time the jewelry forming the basis for Count III (on which he was also convicted) was taken from Petitioner and his girl friend (R.T. 90–96).

During the trial, which began January 30, 1967, it was stipulated that the provisions of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966) would apply because the first arrest, search and seizure occurred May 26, 1966, before the *Miranda* decision (R.T. 69). The prosecutor argued that there was substantial compliance with *Miranda* requirements; however, he later stipulated that the May 26th conversations might be stricken (R.T. 125). Although the Court of Appeal referred to Petitioner's remarks on that date (Opinion 4–5), it does not appear that

**920**

they were in any way incriminating. The main argument here is directed to the conversation on June 3rd, which differed substantially from Petitioner's testimony at the trial concerning the source of the jewelry (R.T. 190ff).

It is clear that the contentions raised here were never properly before the State Courts. The Court on appeal considered only the admissibility into evidence of the jewelry taken from the apartment on May 26th, which was the only point raised and argued by counsel on appeal. The Petition and Traverse make lengthy arguments in support of various other errors, and contentions which might have been advanced on appeal. The failure to do so really bears on his contention of inadequacy of appellate counsel.

In denying the Petition for Hearing or Writ of Habeas Corpus, the Supreme Court cited In re Hillery, 202 Cal.App.2d 293, 294, 20 Cal.Rptr. 759 (1962). That case stands for the proposition that although the Supreme Court has jurisdiction, in the exercise of its discretion it may refuse to entertain an application of this kind when no application has been made to a lower court which might better pass on factual issues raised. Petitioner chose not to present his claims to the lower courts as indicated, and thus has not exhausted his state remedies.

 Petitioner relies on Castro v. Klinger, 373 F.2d 847 (9th Cir. 1967) as authority that he has exhausted his state remedies. Nothing in that case has eliminated the requirement that Petitioner bear the burden of proving that he has *in fact* exhausted his remedies. It is apparent that most of the arguments raised here have not been actually presented to the State, because Petitioner has not conformed to the procedural requirement of presenting his claims in Petitions for Writ of Habeas Corpus to the lower courts first. Turner v. Lloyd, 439 F.2d 138 (9th Cir. 1971); Buchanan v. McGee, 290 F.2d 711 (9th Cir. 1961), cert. denied, 368 U.S. 990, 82 S.Ct. 606, 7 L.Ed.2d 527 (1962).

In addition to that, the allegations and documents supporting the claim of incompetency of appellate counsel make it quite clear that important issues were not presented to the State Courts even though an appeal had been taken. After Petitioner's judgment of conviction had been affirmed, and after the Supreme Court had denied his Motion for Hearing or Petition for Writ of Habeas Corpus, the California Supreme Court decided a case dealing for the first time with the subject of competency of appellate counsel, In re Smith, 3 Cal.3d 192, 90 Cal.Rptr. 1, 474 P.2d 969 (1970) modifying opinion at 2 Cal.3d 508, 86 Cal.Rptr. 4, 467 P.2d 836 (1970).

 Petitioner should, therefore, give the California Courts an opportunity to reexamine his case in the light of the later State Supreme Court decision to determine its applicability, before we will pass on his claims. Devine v. Pope, 423 F.2d 32 (9th Cir. 1970).

It is therefore ordered as follows:

The within Petition for Writ of Habeas Corpus is denied.