Henry C. SIMPSON, Appellant,

v.

Harley O. TEETS, Warden, California State Prison, San Quentin, California, Appellee.

No. 15691.

United States Court of Appeals Ninth Circuit.

Oct. 3, 1957.

Henry C. Simpson, in pro. per.

Benjamin M. Davis, San Francisco, Cal., for appellant.

Edmund G. Brown, Atty. Gen., Arlo Smith, Deputy Atty. Gen., of California, for appellee.

Before MATHEWS, HEALY and FEE, Circuit Judges.

MATHEWS, Circuit Judge.

In the Superior Court of Stanislaus County, California, appellant, Henry C. Simpson, was indicted for murdering his wife, Vivian Simpson, and was tried and found guilty of murder in the first degree. The Superior Court thereupon entered a judgment sentencing appellant to death. The Supreme Court of California affirmed that judgment on October 26, 1954.[1]

Thereafter, while in custody of appellee, Harley O. Teets, Warden of the California State Prison at San Quentin, California, appellant petitioned the Supreme Court of California for a writ of habeas corpus. The Supreme Court of California denied that petition. Appellant thereupon petitioned the Supreme Court of the United States for a writ of certiorari. The Supreme Court of the United States denied that petition on June 6, 1955.[2]

Thereafter appellant petitioned the United States District Court for the Northern District of California for a writ of habeas corpus. The District Court entered an order denying that petition without a hearing. We affirmed that order on November 7, 1956.[3] Appellant thereupon petitioned the Supreme Court of the United States for a writ of certiorari. The Supreme Court, on April 8, 1957, granted that petition, vacated our judgment of November 7, 1956, and remanded the case to the District Court with directions to grant a hearing on the

1. People v. Simpson, 43 Cal.2d 553, 275 P. 2d 31.

2. Simpson v. Teets, 349 U.S. 960, 75 S.Ct. 890, 99 L.Ed. 1283.

3. Simpson v. Teets, 9 Cir., 239 F.2d 890.

allegations of the last mentioned petition for a writ of habeas corpus unless the District Court found that appellant's State remedies had not been exhausted.[4]

Finding that appellant's State remedies had been exhausted, the District Court granted a hearing as directed. Prior to the hearing, the District Court issued a writ of habeas corpus directed to appellee. In response thereto, appellee filed a return and produced appellant at the time fixed for the hearing. At the hearing, much evidence, including appellant's own testimony, was received. Thereupon, on July 22, 1957, the District Court (Judge Michael J. Roche presiding) filed an opinion, stating therein its findings of fact and conclusions of law, and entered a final order discharging the writ of habeas corpus and remanding appellant to appellee's custody. Appellant took an appeal from that order on August 9, 1957. However, no certificate of probable cause was ever issued.[5]

A record on appeal was filed in this court, and the appeal was docketed in this court on August 29, 1957. On September 26, 1957, appellant petitioned this court for an extension of time for filing his brief and for an order staying his execution.[6] On October 1, 1957, appellant petitioned this court for a certificate of probable cause and for an order staying his execution.[7]

■■ The record discloses no probable cause for an appeal, nor any merit in the appeal taken by appellant. We therefore decline to issue a certificate of probable cause. Lacking a certificate of probable cause, the appeal is not a valid one. There being no valid appeal, we cannot properly grant an extension of time for filing appellant's brief or an order staying his execution.

Accordingly, the petitions filed in this court on September 26, 1957, and October 1, 1957, are denied, and the appeal taken on August 9, 1957, is dismissed.

---

4. Simpson v. Teets, 353 U.S. 926, 77 S.Ct. 720, 1 L.Ed.2d 722.

5. See 28 U.S.C.A. § 2253.

6. The petition of September 26, 1957, was entitled "Affidavit for Extension of Time and for Order Staying Execution."

7. The petition of October 1, 1957, states that a petition for a certificate of probable cause and for an order staying appellant's execution was denied by Judge Roche on October 1, 1957, and that appellant's execution is "scheduled" for October 4, 1957.