**OKLAHOMA TAX COMMISSION,**
Appellant,

v.

**SEABOARD SURETY COMPANY,** a corporation, Appellee.

No. 7371.

United States Court of Appeals
Tenth Circuit.

Feb. 19, 1964.

Albert D. Lynn and E. J. Armstrong, Attys, Oklahoma Tax Commission, Oklahoma City, Okl., for appellant.

John Wheeler, Jr., Tulsa, Okl., for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and KERR, District Judge.

KERR, District Judge.

The question for decision on this appeal is whether the performance and payment bonds obligated the Seaboard Surety Company,[1] the Appellee herein, to pay to the State of Oklahoma the Use taxes owed by the contractor.

At the threshold we are faced with a motion to dismiss the appeal for the failure of the Appellant to comply with Rule 73(a) of the Rules of Civil Procedure, which provides that: "When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * *." Appel-

1. Hereinafter referred to as "Seaboard."

lee urges also that the notice of appeal was not timely filed under the requirements of 28 U.S.C. § 2107, which provides that "no appeal shall bring any judgment * * * of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment * * *." When the notice of appeal was filed, Rule 6 of the Rules of Civil Procedure provided that the last day was to be included in computing periods of time under the Rules unless the last day fell on a Sunday or legal holiday.

The facts are these: The judgment was entered March 28, 1963, and the notice of appeal was filed April 29, 1963, thirty-two days following the entry of judgment. Appellant attempts to excuse its late filing by explaining that the thirtieth day fell on Saturday; that on September 19, 1950, the then three district judges of the Western District of Oklahoma entered an order effective October 2, 1950, regulating the hours in the clerk's office from 8:30 a. m., to 5:00 p. m., Monday through Friday, and that this order provided that on "Saturdays the office shall remain closed."

■ We are fully mindful that the time within which notice of appeal must be filed is jurisdictional. Our decision herein with respect to this question is not to be construed as overruling or relaxing the principle that compliance with the rule is essential to the jurisdiction of the Court of Appeals. J. Norman "Stoney" Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275 (1956). There are extenuating circumstances which influence our decision but which do not set a precedent, because, as will be seen, this particular question can not again vex this court.

On January 21, 1963, Rule 6 of the Federal Rules of Civil Procedure was amended effective July 1, 1963. This amendment provides that Saturday is to be treated in the same way as Sunday or a legal holiday in that it is not to be included in the thirty day period when it falls on the last day of the computed period. The history of this amendment,

however, shows that its approval preceded the time here in issue. The Advisory Committee on Civil Rules submitted with its favorable recommendation a draft of proposed amendments to certain Federal Rules of Civil Procedure, including Rule 6, as mentioned above. Thereafter the Committee on Rules of Practice and Procedure met on August 13 and 14, 1962. It received the reports and approved the proposals of the Advisory Committee on Civil Rules with respect to the amendments. On September 12, 1962, the Committee on Rules of Practice and Procedure recommended that the Judicial Conference approve the amendments and submit them to the Supreme Court with the recommendation that they be adopted. On September 19 and 20, 1962, the amendment received the approval of the Judicial Conference and it recommended that the proposed amendments be adopted by the Supreme Court. By order entered January 1, 1963, the Supreme Court adopted the amendments to the Rules of Civil Procedure and reported its action to Congress pursuant to 28 U.S.C. § 2072.

■ We need not pass upon the question of the effect of the order of October 2, 1950, issued by the District Court for the Western District of Oklahoma. We do feel that the ruling in the case of McCord v. Commissioner of Internal Revenue, 74 App.D.C. 369, 123 F.2d 164 (1941), is applicable since the Supreme Court had adopted the amendment to Rule 6 prior to the time Appellant's notice of appeal was filed, and as the clerk's office was not open on Saturdays. This combination of facts created a situation which, through no fault of appellant's counsel, prevented him from filing the notice of appeal on the thirtieth day. We believe that the language of the then Associate Justice Fred M. Vinson in the McCord case, supra, is particularly fitting when he said that " * * * a full opportunity, an open door, must be maintained for the potential filer until the clock strikes." For these reasons the motion to dismiss the appeal is denied.

■ We turn now to the question of whether or not the bonds given by the

surety created a liability to pay the Oklahoma Use tax. The trial court denied the claim of the Oklahoma Tax Commission against Seaboard Surety Company on the ground that the Use tax was a statutory obligation of the contractor and was not an obligation of the surety under its bonds. With that decision this Court agrees.

Seaboard Surety Company is liable for the payment of the Use tax due the State of Oklahoma only if the tax is covered by the Performance and Payment bonds filed by Seaboard. There is no provision in the bonds requiring the surety to pay the claim of the Oklahoma Tax Commission for Use tax on materials furnished on the performance of the government contract for the construction of Capehart Housing facilities at Fort Sill, Oklahoma. As pointed out by the trial judge, the indemnity agreement of the Performance Bond related to the performance of all the undertakings, covenants, terms, conditions and agreements of the contract. The indemnity agreement of the Payment Bond covers the prompt payment to all claimants "for all labor and material furnished in the prosecution of the work provided for in the contract * * *." The bond defines the term "claimant" as "one having a direct contract with the Principal or with a sub-contractor of the Principal who has furnished labor, material, or both, in the prosecution of the work provided for in the contract and who has not been paid in full therefor." We deem it clear beyond cavil that the Oklahoma Tax Commission does not qualify as a claimant under that definition.

In the application for the bonds the contractor assigned to Seaboard all the right, title and interest in any funds to which it would become entitled by virtue of the construction contract. The contractor did not default in the performance of the construction contract. Before it was completed, however, the contractor was financially unable to meet its obligations for the payment of labor, materials and services. Seaboard, therefore, had to make monies available to the contractor and did so by creating a joint account against which the contractor wrote checks which were countersigned by Seaboard.

The construction contract put a ceiling on the contract price by providing, in effect, that the federal, state and local taxes could not be superimposed on the total contract price. By its terms the contract did not require the contractor to pay the Use taxes. Cf. United States v. Phoenix Indemnity Company et al., 4 Cir., 231 F.2d 573 (1956). The Oklahoma Use tax obligation is imposed upon the contractor by Oklahoma statutes. It is not, therefore, a contractual obligation imposed upon the surety by the bonds. United States Fidelity and Guaranty Co. v. United States, 10 Cir., 201 F.2d 118 (1952).

The judgment is affirmed.