**UNITED STATES of America,**
**Respondent-Appellee,**

v.

**Philip LIEBER, Petitioner-Appellant.**
**No. 483, Docket 28878.**

United States Court of Appeals
Second Circuit.

Argued May 28, 1964.

Decided Aug. 24, 1964.

Irwin L. Germaise, New York City (Bernard B. Polak, New York City, of counsel, on the brief), for appellant.

Joseph P. Hoey, U. S. Atty., E. D. N. Y. (Bernard Rothman, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of New York, denying appellant's motion, brought pursuant to 28 U.S.C. § 1651, to vacate and set aside a 1931 judgment of conviction in that court for forging and cashing a United States postal money order. The 1931 conviction, important to appellant inasmuch as it was used by the New York courts in 1960 as the basis for sentencing him as a second felony offender, was attacked by appellant on the ground that he was not represented by counsel and had not waived his right to counsel when he entered a plea of guilty to the 1931 charge. The evidence adduced at the hearing below was such that the central factual question of whether in 1931 appellant was represented by counsel, or if not, waived that right, depended upon the weight to be given his testimony. The

judge below, who had ample opportunity to see appellant and observe him as he testified, squarely ruled that appellant was not a credible witness, and, in support of this estimate of appellant's untrustworthiness, sprinkled his written decision rather liberally with vivid allusions. Moreover, our own examination of the written report of appellant's testimony, which reveals numerous contradictions and convenient memory lapses, tends to support the lower court's evaluation of the credit safely to be accorded appellant's claims. Therefore, we cannot say that the judge below committed clear error when he found that appellant failed to carry his burden of proof on the factual issues his petition presented.

Affirmed.