**UNITED STATES of America ex rel. William G. CARROL, Relator-Appellee,**

v.

**Honorable J. Edwin LaVALLEE, Warden of Auburn State Prison, Auburn, New York (Successor to Honorable Robert E. Murphy, Warden), Respondent-Appellant.**

**Docket 29365.**

United States Court of Appeals
Second Circuit.

Motion Submitted Jan. 25, 1965.

Decided March 12, 1965.

William G. Carrol, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York (Joseph E. Castellani, Asst. Atty. Gen., of counsel), Leonard Rubenfeld, Dist. Atty. of Westchester County (James J. Duggan, Asst. Dist. Atty., of counsel), for respondent.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

**PER CURIAM.**

Appellee moves to dismiss the Warden's appeal alleging that appellant has not complied with an essential prerequisite

to our exercise of appellate jurisdiction. Appellee, an incarcerated State prisoner, petitioned the United States District Court for the Northern District of New York requesting the issuance of a writ of habeas corpus on the ground that the New York State conviction under which he was held in custody had been unconstitutionaly obtained. On September 15, 1964, the writ was granted and the district judge ordered that appellee be released from state custody unless an appeal is taken or the prisoner promptly retried.

The Warden timely filed a notice of appeal within the time prescribed by 28 U.S.C. § 2107, but has never applied for and has never obtained a certificate of probable cause pursuant to 28 U.S.C. § 2253.

The language of 28 U.S.C. § 2253 is unambiguous:

"In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had. * * *

* * * * * *

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

Although there is most convincing authority, e. g., United States ex rel. Tillery v. Cavell, 294 F.2d 12 (3 Cir. 1961), cert. denied, Tillery v. Maroney, 370 U.S. 945, 82 S.Ct. 1589, 8 L.Ed.2d 811 (1962) that States and penitentiary wardens are not required to get the certificate in order to obtain a review of a grant of the writ in favor of an incarcerated prisoner, it would appear that in the past we in this circuit have expected States and their officers when appealing adverse habeas corpus rulings to petition for and obtain the certificate. We said in United States ex rel. Rogers v. Richmond, 252 F.2d 807, 808 (2 Cir. 1958), cert. denied, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361 (1958), that the State of Connecticut " * * * obtained a certificate of probable cause from the District Judge, as *required* by 28 U.S.C. § 2253 * * *." (Emphasis supplied.) However, we have acted favorably on delayed state-filed petitions and are willing to do so in the case now pending before us. See United States ex rel. Sadness v. Wilkins, 312 F.2d 559 (2 Cir. 1963), where New York State's belated application for the certificate made to our court four months after the filing of the State's notice of appeal in the district court was granted by us seventeen days before submission of the appeal on its merits.

■ Accordingly, for we think disposition of this appeal should not be longer delayed, we grant petitioner's motion to dismiss the appeal on the ground of failure to prosecute it unless within ten days of this order the respondent-appellant applies for a certificate of probable cause and, if said certificate is granted, unless within twenty days of the granting thereof, the respondent-appellant shall have filed his brief and appendix on appeal.

■ Appellee has petitioned for leave to proceed on appeal *in forma pauperis* and also, within the month, for the assignment of counsel. These prayers are granted. He also seeks bail pending appeal. In view of our progress order this petition is denied, with leave to renew after thirty days. A petition to stay State proceedings pending appeal is denied.