Paul L. FITZSIMMONS, Appellant,

v.

Howard YEAGER, Principal Keeper of the New Jersey State Prison at Trenton, N. J. and the State of New Jersey.

No. 16495.

United States Court of Appeals Third Circuit.

Submitted May 25, 1967.

Resubmitted Nov. 9, 1967.

Decided Feb. 19, 1968.

Paul L. Fitzsimmons, pro se.

Archibald Kreiger, Asst. Prosecutor, John G. Thevos, Prosecutor of Passaic County, Paterson, N. J., for appellee.

Submitted before McLAUGHLIN, KALODNER and FREEDMAN, Circuit Judges.

Resubmitted before STALEY, Chief Judge and McLAUGHLIN, KALODNER, HASTIE, SMITH,* FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

In 1959 a jury in the Superior Court of New Jersey found appellant guilty of murder in the first degree with a recommendation of mercy under which he was sentenced to life imprisonment. The present appeal is from the district court's dismissal of his petition for habeas corpus on the ground that he had not exhausted the remedies available to him in the courts of New Jersey as required by 28 U.S.C. § 2254.[1]

### I.

We encounter at the threshold the jurisdictional problem which results when more than thirty days have elapsed after the denial of a petition for habeas corpus before a notice of appeal is filed or the certificate of probable cause required by 28 U.S.C. § 2253 is granted.

Habeas corpus is a civil remedy[2] and therefore is subject to the general requirement that a notice of appeal must be filed within thirty days from the entry of the order denying the petition.[3] Congress has added the requirement that where the detention complained of arises out of process issued by a state court, an "appeal may not be taken * * * unless the * * * judge who rendered the order [denying the petition for habeas corpus] or a circuit justice or judge issues a certificate of probable cause" 28 U.S.C. § 2253.[4] Rule 81(a) (2) of the Federal Rules of Civil Procedure continues this provision in force.[5]

Here the district court's order dismissing the petition for a writ of habeas

---

* Judge Smith did not participate in the consideration or decision of this case, because of illness.

1. The opinion of the district judge is unreported.

2. Ex parte Tom Tong, 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826 (1883); Smith v. Bennett, 365 U.S. 708, 712, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961).; Sokol, A Handbook of Federal Habeas Corpus (1965), § 2.

3. 28 U.S.C. § 2107; Rule 73(a) of the Federal Rules of Civil Procedure.

4. 28 U.S.C. § 2253 provides in relevant part:
"In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had.
* * * * *
"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

5. Rule 81(a) (2) provides in part: "The requirements of Title 28, U.S.C., § 2253, relating to certificate of probable cause in certain appeals in habeas corpus cases remain in force."

corpus was entered on December 7, 1966. On December 18, 1966 appellant filed in the district court an application for a certificate of probable cause and a petition for rehearing, both of which the court denied on December 23, 1966. The petition for rehearing was filed more than ten days after the entry of the order denying the petition for habeas corpus and therefore did not suspend the running of the time for filing a notice of appeal or any time required for obtaining a certificate of probable cause.[6] On January 18, 1967, thirty-nine days after the denial of the petition for habeas corpus, a certificate of probable cause was granted by a judge of this Court on an application made at least thirty-four days after denial of the petition.[7] Appellant then filed on January 24, 1967, more than a month and a half after the denial of the petition for habeas corpus, a formal notice of appeal in the district court.

In United States ex rel. Carey v. Keeper of Montgomery County Prison, 202 F.2d 267 (3 Cir.), cert. denied, Commonwealth of Pennsylvania ex rel. Carey v. Keeper of Montgomery County Prison, 345 U.S. 930, 73 S.Ct. 793, 97 L.Ed. 1360 (1953), a panel held that we were without jurisdiction to entertain the appeal because the application for a certificate of probable cause was not filed with us until shortly after the expiration of the thirty day period from the dismissal of the petition for habeas corpus, even though a notice of appeal and an application for a certificate of probable cause had been filed in the district court within the thirty day period and the district judge had denied the certificate only two days before the period expired. Our decision was based on the ground that the issuance of a certificate of probable cause is a condition precedent to the perfection of an appeal. In Commonwealth of Pennsylvania ex rel. Ricks v. Maroney, 314 F.2d 339 (3 Cir.), cert. denied sub nom. Ricks v. Maroney, 374 U.S. 816, 83 S.Ct. 1711, 10 L.Ed.2d 1039 (1963), another panel denied per curiam an application for a certificate of probable cause because it was lodged with our Clerk more than thirty days after the denial of the petition for habeas corpus.

Under our practice these decisions are binding on all panels of the Court. Panels therefore have deemed it to be their duty when considering appeals from the denial of habeas corpus in cases of state detention to be alert for the detection, as jurisdictional defects, of untimeliness in the application or grant of certificates of probable cause or in the filing of notices of appeal.[8]

Difficulties have resulted from the administration of these principles and practical considerations have made especially unworkable the requirement that the certificate of probable cause must be granted within thirty days from the date of the denial of the petition for habeas corpus. Whatever time is taken in the consideration of the application by the district judge reduces the time left for an application to the Court of Appeals. At times we have been required to act at the edge of the thirty day deadline, without adequate time to make the full examination of the original record papers which is frequently necessary because so many of these applications are made by prisoners pro se.[9] We therefore ordered the present case to be resubmitted to the Court en banc in order to re-examine the problem afresh.

6. See Rule 73. See also Gainey v. Brotherhood of Railway & Steamship Clerks etc., 303 F.2d 716 (3 Cir. 1962); Raughley v. Pennsylvania Railroad Company, 230 F.2d 387 (3 Cir. 1956).

7. The application was sworn to on January 13, 1967; the date it was received does not appear.

8. E. g., United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3 Cir. 1965);

United States ex rel. Cobb v. Maroney, 316 F.2d 207 (3 Cir. 1963). But see Frace v. Russell, 341 F.2d 901 (3 Cir. 1965). The refusal of certificates of probable cause for untimeliness is largely in unreported orders.

9. In the past three months sixteen of the seventeen applications for certificates of probable cause were made by prisoners on their own behalf.

On full reconsideration of the subject we have reached the following conclusions, which we set out as rules for the guidance of the bar and of prisoners acting pro se in habeas corpus cases where the detention complained of arises out of process issued by a state court:

■ 1. Notice of appeal must be filed in the district court within thirty days of the denial of a petition for habeas corpus. This is mandatory under the statute [10] as well as the Federal Rules of Civil Procedure [11] and is a jurisdictional requirement. See Fallen v. United States, 378 U.S. 139, 142, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). A paper will not be deemed inadequate as a notice of appeal because of informality in its form or title, so long as from its nature it evidences an intention to appeal.[12] Thus, while the filing of a formal notice of appeal is preferable practice, an application for leave to appeal in forma pauperis [13] or an application for a certificate of probable cause,[14] will be treated as a notice of appeal if no formal notice has been filed.

■ 2. The running of the thirty day period for the filing of a notice of appeal will not be terminated by a motion for rehearing under Rule 59(a) or any similar motion unless it is timely and made within the time fixed by the appropriate rule, as required by Rule 73 (a) of the Federal Rules of Civil Procedure and proposed Rule 4(a) of the Federal Rules of Appellate Procedure.

■ 3. The filing of a notice of appeal within thirty days is effective alone as the taking of an appeal, without the filing of a separate application for a certificate of probable cause or the granting of such a certificate. See proposed Rule 22(b) of Federal Rules of Appellate Procedure.

■ 4. A certificate of probable cause need not be sought or obtained within the period of thirty days from the denial of the petition for habeas corpus.[15] The statute (28 U.S.C. § 2253)

10. 28 U.S.C. § 2107.

11. Rule 73(a), to be succeeded by proposed Rule 4(a) of Federal Rules of Appellate Procedure, approved by the Supreme Court effective July 1, 1968; see Raughley v. Pennsylvania Railroad Company, 230 F.2d 387 (3 Cir. 1956).

12. Coppedge v. United States, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), collecting illustrative cases; Frace v. Russell, 341 F.2d 901 (3 Cir. 1965), treating a "brief for appeal" filed in the Court of Appeals as a notice of appeal; Riffle v. United States, 299 F.2d 802 (5 Cir. 1962), treating a letter to a circuit judge as a notice of appeal.

13. Mihailoviki v. State of California, 364 F.2d 808 (9 Cir. 1966); Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346 (1954); Fishbaugh v. Armour & Co., 185 F.2d 541 (4 Cir. 1950); Tesciona v. United States, 141 F.2d 811 (9 Cir. 1944).

14. Mihailoviki v. State of California, supra.

15. The other circuits have adopted no uniform rule regarding the time within which the certificate must issue.

*First Circuit.*—In Ex parte Farrell, 189 F.2d 540, cert. denied sub nom. Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951), the rule was announced that although a certificate of probable cause may be granted after thirty days, the application must have been made within the thirty days. This holding was reaffirmed in Zimmer v. Langlois, 331 F.2d 424 (1964). See also Landry v. Commonwealth of Massachusetts, 336 F.2d 189 (1964). First Circuit Rule 35A, adopted October 16, 1966, provides that if a district judge fails to act on an application within ten days, petitioner may apply to the court of appeals, provided that such application is made within thirty days of the denial of habeas corpus.

*Second Circuit.*—United States ex rel. Carrol v. LaVallee, 342 F.2d 641 (1965), upheld an application made several months after a timely notice of appeal had been filed.

*Fourth Circuit.*—Burgess v. Warden, 284 F.2d 486 (1960), cert. denied, 365 U.S. 837, 81 S.Ct. 753, 5 L.Ed.2d 746 (1961), established a procedure for deciding whether to grant a cetificate after

fixes no prescribed time within which a certificate of probable cause must be sought or obtained, nor does it require the issuance of a certificate of probable cause as a condition precedent to the filing of a notice of appeal. It is true that § 2253 provides that an appeal may not be "taken" in habeas corpus actions attacking state detention unless a certificate of probable cause is issued, but this must be read to mean, not that a notice of appeal may not be filed with its usual effect, but that the appeal may not proceed until a certificate of probable cause is issued. This interpretation is in harmony with Rule 73(a) which provides: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Proposed Rule

3(a) of the Federal Rules of Appellate Procedure contains the same language.

■ A certificate of probable cause may be applied for informally, and a paper will be deemed an application for a certificate of probable cause regardless of its form or how it is entitled if its contents disclose the purpose to obtain a certificate of probable cause.[16]

■ 5. The district judge, when denying a petition for habeas corpus, shall at the same time state whether in his opinion there is probable cause for an appeal.[17] An application may be made to such district judge for reconsideration of his denial of a certificate of probable cause. In any event the filing of a notice of appeal, whether formal or informal, is necessary even if the district judge grants a certificate of probable cause at the time he denies a petition for habeas corpus. If the district judge denies a certificate of probable cause,

filing of an appeal, but made no reference to the time in which an application for a certificate must be presented to the judges of the appellate court.

*Fifth Circuit.*—In Johnson v. Mayo, 256 F.2d 761 (1958), the district court denied a certificate, and although no request was made in the court of appeals, that court treated the notice of appeal as an application for a certificate and passed on its merits without mentioning its timeliness. See Loper v. Ellis, 224 F.2d 901 (1955).

*Sixth Circuit.*—Buder v. Bell, 306 F.2d 71 (1962), citing with approval, Ex parte Farrell, supra, held that where a petitioner's application is timely but the district judge does not deny it until after the thirty day period has passed, the Court of Appeals will entertain an application for a certificate, made after the district court's denial.

*Seventh Circuit.*—A certificate of probable cause must be obtained before an appeal may be "filed". Seventh Circuit Rule 11(f); United States ex rel. Geach v. Ragen, 231 F.2d 455 (1956); United States ex rel. Kreuter v. Baldwin, 49 F.2d 262 (1931).

*Eighth Circuit.*—It appears that a certificate must be issued before a notice of appeal may be filed. See Sagaser v. Sigler, 374 F.2d 509 (1967).

*Ninth Circuit.*—The court will consider an application for a certificate of probable cause even though made after the running of the time for appeal. Simpson v. Teets, 248 F.2d 465 (1957). However, in Boyden v. Webb, 208 F.2d 201 (1953), the court, citing Ex parte Farrell, supra, indicated that ordinarily application for a certificate must be made within the thirty day period for appeal.

*Tenth Circuit.*—The denial of a certificate is apparently treated as a preliminary question at the consideration of the merits of the appeal. See Gay v. Graham, 269 F.2d 482 (1959); Ramsey v. Hand, 309 F.2d 947 (1962).

16. McGee v. Eyman, 310 F.2d 230 (9 Cir.), motion for leave to file cert. denied, 371 U.S. 917, 83 S.Ct. 230, 9 L.Ed. 2d 267 (1962), treating petition for stay of execution as a petition for a certificate of probable cause.

17. This imposes a requirement somewhat beyond that of proposed Rule 22(b) of the Federal Rules of Appellate Procedure which requires the district judge to act on a certificate of probable cause if an appeal is taken: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

a timely filing of a notice of appeal will be treated as an application for a certificate of probable cause addressed to the judges of the Court of Appeals. See proposed Rule 22(b) of the Federal Rules of Appellate Procedure.

 6. Where an appeal has been filed and the district judge has refused to grant a certificate of probable cause, the Clerk of the Court of Appeals shall promptly present the file in the case to a judge or a panel of the Court for determination whether to grant or deny a certificate of probable cause. See proposed Rule 22(b) of the Federal Rules of Appellate Procedure.

 These rules will be applied to all pending and future cases. They will be set out in an amendment to our Rules of Court, and will supersede our present Rule 11(4),[18] which is now revoked.

## II.

 In the present case the petition for rehearing was filed on December 18, 1966, more than ten days after the order denying the petition for habeas corpus. It was therefore untimely under Rule 59(a) and hence did not terminate the running of the time for appeal under Rule 73(a). But the application for a certificate of probable cause which was filed with the district court on December 18, 1966, eleven days after the denial of the petition for habeas corpus on December 7, 1966, was effective as a notice of appeal filed within thirty days of the denial of the petition for habeas corpus. The notice of appeal formally filed in the district court thereafter, on January 24, 1967, may be deemed surplusage.

 Since an informal but timely notice of appeal was filed within thirty days and a certificate of probable cause was issued by a judge of this court, even though more than thirty days after the decision below,[19] the appeal was proper and we have jurisdiction to consider it on the merits. To the extent that our prior decisions such as United States ex rel. Carey v. Keeper of Montgomery County Prison, supra, and Commonwealth of Pennsylvania ex rel. Ricks v. Maroney, supra, are inconsistent with the rules and decision we have now announced they are overruled.

## III.

We turn now to the substance of the appeal. Almost nine years ago, on February 18, 1959, after a joint trial a jury found appellant guilty of first degree murder with a recommendation of life imprisonment. Sentence was imposed on February 27, 1959. Appellant did not attack his conviction and sentence until September 16, 1965, when he filed a petition for habeas corpus in the Superior Court of New Jersey claiming illegal arrest, illegal search and seizure and the use in evidence of a coerced confession. The Superior Court denied the petition in November, 1965, on the ground that the relief sought was not cognizable on habeas corpus and that the exclusive means of challenging the conviction was under the Post-Conviction Relief Rules (N.J. Rules 3:10A–1 et seq.), but that he was barred from invoking them because more than five years had elapsed since the rendition of the judgment of conviction and he had not alleged any facts showing that the delay was due to his excusable neglect. (N.J. Rule 3:10A–13.) On January 18, 1966 the Supreme Court of New Jersey by order granted appellant's motion for leave to proceed as an indigent and at the same time ordered his appeal dismissed "for want of merit". The district court denied the present petition for a writ of habeas corpus on

18. Originally numbered Rule 11(3). See order of December 2, 1958, amending Rule 11.

19. Moreover, under the rules we have set out the application for a certificate of probable cause filed within thirty days, which was denied by the district judge, carried over as an application to our Court and was fully effective without regard to the new application to a circuit judge which was not filed (see supra, n. 7) or granted within thirty days from the denial of the petition for habeas corpus by the district court.

the ground that appellant had failed to exhaust the remedies available to him in the courts of New Jersey as required by 28 U.S.C. § 2254,[20] because he had not invoked the New Jersey Post-Conviction remedy which the court declared was still available to him.

There are two reasons why appellant's petition for habeas corpus should be considered on the merits without his being required to resort to the New Jersey Post-Conviction remedy.

In the first place New Jersey Rule 3:10A–5 makes a prior adjudication on the merits in any proceeding including the proceedings resulting in the conviction a conclusive bar to any relief on that ground in any post-conviction proceeding.[21] The district judge in the present case stated that the issue of the voluntariness of appellant's confession had been submitted to the court and jury at the trial and decided adversely to him there. The Superior Court of New Jersey in denying his application for post-conviction relief said that he was barred not only by the lapse of time, but also because the voluntariness of the confession was a matter which must be attacked on direct appeal. We need not attempt an authoritative construction of New Jersey Rule 3:10A–5 on this point,[22] for the Supreme Court of New Jersey has already dismissed "for want of merit" appellant's petition for habeas corpus. To require him to retread the path of post-conviction relief in New Jersey is to send him on a road which the highest court of New Jersey has already barred and to deny him the opportunity to present on federal habeas corpus the constitutional claims which the state courts have refused to hear.[23]

Secondly, due to no fault of appellant, the time within which he might have sought post-conviction relief has now expired. In November, 1965, the Superior Court of New Jersey had held that appellant was barred by New Jersey Rule 3:10A–13 from obtaining post-conviction relief because he had failed to file his petition within five years after his conviction and has not alleged that his delay was due to excusable neglect. It is true that the Rule provides a five year bar unless the petition alleges facts showing that the delay was due to the defendant's "excusable neglect", but it also provides that the limitation shall not reduce the right to invoke the remedy within three years after the effective date of the Rule.[24] The Rule became effective on

---

**20.** 28 U.S.C. § 2254 as amended by Pub. L. 89–711, § 2, 80 Stat. 1104 (1966) now provides in part:
"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented."

**21.** New Jersey Rule 3:10A–5 provides:
"A prior adjudication upon the merits of any ground for relief shall be conclu-

sive upon the parties whether the prior adjudication was made in the proceedings resulting in the conviction, in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken in such proceedings."

**22.** See also New Jersey Rule 3:10A–3.

**23.** See Fay v. Noia, 372 U.S. 391, 420–422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

**24.** New Jersey Rule 3:10A–13 provides:
"No petition shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked, or more than 3 years after the effective date of this rule, whichever shall be later, unless the petition alleges facts showing that the delay beyond said time was due to defendant's excusable neglect; except that a petition to correct an illegal sentence may be filed at any time."

January 2, 1964 [25] and hence, although the five year period from the date of the judgment expired by February 27, 1964, the three year period from the effective date of the Rule—which is applicable here—did not expire until January 2, 1967. It therefore appears that the petition for habeas corpus which appellant filed in the Superior Court of New Jersey on September 16, 1965 was within the time limit fixed by the Rule. The difficulty, however, is that the Superior Court of New Jersey decided in November, 1965, that petitioner was barred by the time limit of the Rule and the Supreme Court of New Jersey dismissed the appeal for want of merit. [26]

Appellant therefore is confronted by a decision of the district court remitting him to post-conviction relief in New Jersey, while the highest court of New Jersey has held that his right to seek such relief has already expired. His appeal to us, for which he obtained a certificate of probable cause, has continued the federal proceeding beyond the three year period from the effective date of the New Jersey post-conviction remedy. To remit him to the state courts of New Jersey now would be to send him there on a futile journey because it would in the first place require him to demonstrate that the decision of New Jersey's highest court was erroneous because it did not take notice of the three year limitation, and even if he succeeded in this he would be met with the claim that the three year limitation period has now expired.

The requirement of 28 U.S.C. § 2254 that an applicant must exhaust the remedies available in the state courts establishes a policy of federal respect for the right of the state courts to have the opportunity for initial review, even on collateral attack, of alleged errors in their criminal proceedings. It is, however, an inherent requirement in the administration of justice that litigants should not be sent on patently futile, circular journeys in formal search of relief which has already been declared unavailable. Since the New Jersey courts have held that post-conviction relief was barred, the rule requiring exhaustion of state remedies does not mean that an applicant for federal habeas corpus must be sent back to beat on the door of state relief once again, simply because a federal court believes that the original state decision may have been erroneous. This is especially true where the state decision deals with a rule of state procedure.

■ A majority of the judges, consisting of HASTIE, C. J., and STALEY, FREEDMAN, SEITZ and VAN DUSEN, JJ., concur in Parts I and II of this opinion. A majority of the judges, consisting of McLAUGHLIN, KALODNER, STALEY and VAN DUSEN, JJ., are of the view that petitioner has failed to exhaust his state post conviction remedy and for this reason the order denying the petition for habeas corpus will be affirmed.

VAN DUSEN, Circuit Judge, for affirmance but concurring in part in Judge FREEDMAN's opinion and dissenting in part from such opinion:

I would affirm the December 7, 1966 order of the district court dismissing the Petition for a Writ of Habeas Corpus for failure of petitioner to exhaust the post-conviction remedy provided by N.J.R.R. 3:10A (Criminal Practice Rules) as stated in the last paragraph of Judge KALODNER'S dissenting opinion. It would appear that the delay in petitioner's filing a petition at this time under

25. See Note to Rule.

26. The Superior Court of New Jersey stated that "petitioner is barred by R.R. 3:10A–13 from filing a petition seeking the relief here sought because more than five years have elapsed since the rendition of the judgment of conviction dated February 27, 1959, and here being attacked; nor has the petitioner alleged any facts showing the delay beyond the five years was not [sic] due to his excusable neglect."

this rule falls under the terms "excusable neglect" in N.J.R.R. 3:10A–13 since:

1. An application for post conviction relief was filed September, 1965 which was timely under Rule 3:10A–13 being prior to January 2, 1967, which is 3 years after the effective date of Rule 3:10A.

2. This application was denied under the inadvertent mistake of the state court that it was not timely under Rule 3:10A (par. 4 of 7a–8a of record).

Federal policy is to permit the state courts to act first in such matters as this wherever possible. Cf. Henry v. State of Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

If the state court does not entertain a petition filed under N.J.R.R. 3:10A, appellant will be entitled to his hearing in the federal district court.

Judge STALEY joins in this opinion and we agree with Parts I and II of Judge FREEDMAN'S opinion.

KALODNER, Circuit Judge (dissenting in part, concurring in part):

I would dismiss the appeal in the instant case for want of jurisdiction for these reasons: (1) the appellant did not file a Notice of Appeal in the District Court within thirty days after the District Court's denial of his petition for a writ of habeas corpus, and (2) a certificate of probable cause was not granted to the appellant within the stated thirty-day period.

The majority, on this score, acknowledges that Section 2107, Title 28 U.S.C.A. and Rule 73(a) of the Federal Rules of Civil Procedure, in specified subscription to § 2107, make mandatory the filing of a Notice of Appeal in the District Court "within" thirty days after a final order in a habeas corpus proceeding is entered by that Court. It further acknowledges that a Notice of Appeal was not filed in the instant case until "more than a month and a half after the denial of the [appellant's] petition for habeas corpus".

The majority also acknowledges that Section 2253, Title 28 U.S.C.A. in specific terms provides that "an appeal may not be taken to the court of appeals" from a District Court's order denying habeas corpus relief, "unless" a certificate of probable cause is obtained from the District Court or a "circuit justice or judge", and that Rule 81(a) (2) of the Federal Rules of Civil Procedure specifically provides that "The requirements of" § 2253 "remain in force". It further acknowledges that a certificate of probable cause was not granted in the instant case until "thirty-nine days after the denial of the petition for habeas corpus".

It may be noted parenthetically that the majority has failed to note that Rule 11(4) of this Court provides that in an appeal from a final decision of a district court in a habeas corpus proceeding *"there must be filed with the notice of appeal in the district court a certificate* by the judge who rendered the decision or by a circuit judge *that there is probable cause for the appeal"*. (emphasis supplied)

Despite its acknowledgment that Sections 2107 and 2253, and Rules 73(a) and 81(a) (2), independently, make mandatory, as a prerequisite to the existence of our appellate jurisdiction, the timely filing of a notice of appeal and the obtaining of a certificate of probable cause, and its further acknowledgment there was a failure to satisfy these prerequisites in the instant case, the majority by the novel device of promulgation of a series of "new appellate rules" has relegislated Sections 2107 and 2253 and revised the stated Rules of Civil Procedure.

It has done so by the simple expedient (1) of judicially fashioning "an application for a certificate of probable cause" into the "notice of appeal" required by Section 2107 and Rule 73(a); and (2) in nullifying the requirement of Section 2253, Rule 81(a) (2) and our Rule 11(3), that a certificate of probable cause must be granted before an appeal may be "taken to the court of appeals".

It is settled that a federal court of appeals cannot promulgate a rule which is in conflict with a statute relating to

appeals and that such a rule is void. Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988 (1937).

In pursuing its present course, the majority has chosen not to take cognizance of the fact that this court, and other circuits, in cases subsequently discussed, have held that satisfaction of the requirements of the statutes and Federal Rules here involved is mandatory and jurisdictional.

Independent of this consideration, is the further critical inescapable fact that the Congress of the United States, and it alone, can ordain the jurisdiction of federal courts, other than the Supreme Court of the United States.

All federal courts, other than the Supreme Court, are established by Congress under Section 1 of Article III of the Constitution.[1] They derive their jurisdiction wholly from the authority of Congress as explicitly expressed in legislative enactment and Congress may restrict conferred jurisdiction at its discretion. Kline v. Burke Construction Co., 260 U.S. 226, 233–234, 43 S.Ct. 79, 67 L.Ed. 226 (1922), and the cases therein cited.

"The Congressional power to ordain and establish inferior courts includes the power 'of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.' (citing cases)." Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943).

This Court has explicitly given effect to the Constitutional prohibition against judicial legislation by federal courts under the guise of fashioning remedies. In doing so we said:

"Courts have inherent power to construe legislation and to *fashion* remedies to effectuate the legislative design but they do not have power to legislate,

directly or indirectly, nor can they *amend* legislation to extend its clearly defined limits under the shelter of their power to *fashion remedies*.

"The Constitution of the United States has reserved to the Congress the power to legislate. Article I, section 1 provides that 'All legislative Powers herein granted shall be vested in a Congress of the United States, and shall consist of a Senate and House of Representatives'.

"Not even the Supreme Court of the United States can usurp the legislative power reserved to the Congress by the Constitution. The Supreme Court itself has time and again paid homage to the doctrine of the separation of powers decreed by the Constitution and declared that judicial legislation is abhorrent to, and in violation of, the Constitutional scheme." American Dredging Company v. Local 25, Marine Division, International Union of Operating Engineers, AFL-CIO, 338 F.2d 837, 850 (3 Cir. 1964), cert. den. 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965).

As earlier stated, this Court, time and again, has ruled that satisfaction of the requirements of Sections 2107 and 2253 and the related Federal Rules is "mandatory" and "indispensable" to vesting us with appellate jurisdiction.

In Plant Economy, Inc. v. Mirror Insulation Company, Inc., 308 F.2d 275 (3 Cir. 1962) we dismissed an appeal for lack of jurisdiction on the grounds that it was filed after the expiration of the thirty-day appeal period fixed by 28 U.S. C.A. § 2107 and Rule 73(a).

In doing so, Judge Biggs, then Chief Judge, speaking for the Court, said at page 278:

"We recognize that the Federal Rules of Civil Procedure must be construed liberally to bring about a just, speedy and inexpensive determination of every action. Any requirement of compli-

---

[1]. Section 1, Article III provides:
 "The judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

ance with barren technical formalities is to be avoided. *But it cannot be denied that certain formalities are indispensable if litigation is to be just, speedy and inexpensive. This fundamental and most important objective can be achieved only by adherence to rather than rejection of the rules."* (Emphasis supplied.)

Again, in Healy v. Pennsylvania R. Co., 181 F.2d 934 (3 Cir. 1950), cited and followed in *Plant Economy, Inc.,* supra, we dismissed an appeal for lack of jurisdiction on the ground that there had been a failure to comply with the Rules of Civil Procedure.

Speaking through the writer of this dissent, we there said at pages 936–937:

"We are not oblivious of the trend away from those niceties which so often in the past harassed both litigants and the courts. But we are not here insisting upon mere satisfaction of barren formal technicalities. Howsoever liberal we may wish to be, it cannot be gainsaid that certain formalities[2] are indispensable to 'just, speedy, and inexpensive' litigation, and these attributes of our federal judicial system are forthcoming only upon adherence to, rather than upon rejection of, the Rules. *It is of the highest importance that the appellate function be free of, and protected from, the needless jurisdictional doubts so simply avoidable by compliance with a few specific instructions. The alternative can but induce a laxity destined to obscure the lines of proper appellate conduct, with consequent expense and hardship to the litigants, whose duty it is in the first instance to see to it that the record is in proper form for the relief sought."* (Emphasis supplied.)

Other circuits are in accord.

In Richland Knox Mutual Insurance Company v. Kallen, 376 F.2d 360 (6 Cir. 1967), the court dismissed for lack of jurisdiction a cross-appeal because it had not been filed within the thirty-day period fixed by Section 2107 and Rule 73(a).

In doing so the court said at page 363:

"It is clear that the filing of the notice of appeal within the prescribed time limits is *mandatory* and *jurisdictional,* and that the right of appeal is lost if the notice of appeal is not timely filed with the district court." (Emphasis supplied.)

It may be noted parenthetically that the 6th Circuit cited on the score of the stated holding Plant Economy, Inc. v. Mirror Insulation Company, supra.

To the same effect see County of Imperial, in and for the State of California v. United States, 348 F.2d 904, 905 (9 Cir. 1965); Oklahoma Tax Commission v. Seaboard Surety Company, 327 F.2d 709, 710 (10 Cir. 1964); Mondakota Gas Co. v. Montana-Dakota Utilities Co., 194 F.2d 705, 706 (9 Cir. 1952), cert. den. 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 643, rehearing den. 349 U.S. 969, 75 S.Ct. 878, 99 L.Ed. 1290; St. Luke's Hospital v. Melin, 172 F.2d 532, 533 (8 Cir. 1949); Mosier v. Federal Reserve Bank of New York, 132 F.2d 710 (2 Cir. 1942).

The Supreme Court has explicitly ruled that when an appeal is not taken "within the time prescribed by law" that a federal court of appeals is "without jurisdiction." George v. Victor Talking Machine Co., 293 U.S. 377, 379, 55 S.Ct. 229, 230, 79 L.Ed. 439 (1934). In that case, this Court was reversed when it entertained an appeal where the decree of the District Court was entered on March 31, 1933 and the appeal was not taken until May 18, 1933. See, too, Coppedge v. United States, 369 U.S. 438, 442, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Supreme Court has also held that its own appellate jurisdiction is limited to those cases where review is sought within the period prescribed by statute. Federal Trade Commission v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 213, 73 S.Ct. 245, 97 L.Ed. 245 (1952); Matton Steamboat Co., Inc. v.

---

2. Rule 1, Federal Rules of Civil Procedure.

Murphy, 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943). In the latter case the court said, at page 415, 63 S.Ct. at page 1128:

"The purpose of statutes limiting the period for appeal is to set a definite period of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. *Any other construction of the statute would defeat its purpose.*" (Emphasis supplied.)

While the majority pays lip service to the "mandatory" requirement of Section 2107 and Rule 73(a) of the Federal Rules of Civil Procedure that a "notice of appeal" must be filed within thirty days of the denial of a writ of habeas corpus, it *amends* the statute and Rule by its holding that "an application for a certificate of probable cause will be treated as a notice of appeal if no formal notice of appeal has been filed".

The majority's reliance on Mihailoviki v. State of California, 364 F.2d 808 (9 Cir. 1966) as supporting authority for its stated holding is in error. In that case, the court deemed the appellant's "request for a certificate of probable cause *and for leave to file his appeal in forma pauperis,*" as timely notice of appeal, 364 F.2d 809. (Emphasis supplied.) In the instant case, the appellant did *not* file an application for leave to appeal in forma pauperis within thirty days of the denial of his petition for habeas corpus relief, either in the District Court or this Court.

Moreover, in holding that a mere application for a certificate of probable cause may be treated as a notice of appeal, the majority ignores the specific provision in Rule 73(b), F.R.Civ.P., that "the notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken."

Exhaustive research has failed to disclose a single case in which any federal court ever held, as the majority does, that *"A certificate of probable cause need not be sought* or obtained within the period of thirty days from the denial of the petition for habeas corpus". (Emphasis supplied.) The cases cited by the majority are inapposite and afford no nourishment to its holding.

This Court, in the cases cited and overruled by the majority, and other courts of appeals which have considered the question, have unanimously held that a certificate of probable cause *must* be sought within thirty days from denial of habeas corpus relief.

The prevailing view was stated in Ex parte Farrell, 189 F.2d 540, at page 544 (1 Cir. 1951), cert. den. sub. nom. Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 as follows:

"An appeal from an order of a United States district court dismissing a petition for writ of habeas corpus, where the detention complained of arises out of process issued by a state court, may not be taken to the court of appeals for review (1) unless notice of appeal is filed within thirty days after the entry of such order, 28 U.S.C. § 2107, and (2) unless the judge who rendered the order or a circuit justice or judge issues a certificate of probable cause, or at least unless the issuance of such certificate is applied for, within the thirty-day period, 28 U.S.C. § 2253. Following the analogy of the Matton case, supra [Matton Steamboat Co., Inc. v. Murphy, 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943)], if such application is made to the district judge and by him denied, the case cannot be got before the court of appeals for review unless within the thirty-day period another application for the issuance of a certificate is presented to a circuit judge or the circuit justice, or * * * to the court of appeals itself".

The holding in *Farrell* was adhered to by the First Circuit in two cases in 1964—Landry v. Commonwealth of Massachusetts, 336 F.2d 189, 190, and Zimmer v. Langlois, 331 F.2d 424.

In *Landry,* the appellant had filed in the district court timely notice of appeal and a motion for leave to proceed *in forma pauperis* which that court granted. The appeal was dismissed for lack of jurisdiction on the ground that the appellant had not sought a certificate of probable cause for his appeal "and the time has now run for such application under the decision of this court in Ex parte Farrel! * * *." 336 F.2d 190.

In *Zimmer* where the district court had denied a petition for a writ of habeas corpus on February 24, 1964 and an application for a certificate of probable cause on March 12, 1964, the court of appeals denied an application made to it on April 4, 1964 for a certificate of probable cause on the ground that it had been presented after the expiration of "the 30 days for appeal" from the February 24, 1964 order of the district court. In doing so the court cited *Farrell.*

In United States ex rel. Geach v. Ragen, 231 F.2d 455 (7 Cir. 1956), it was held that a certificate of probable cause could not be issued by a federal appellate judge or court where 30 days had elapsed since the entry of the district court's order denying a petition for a writ of habeas corpus even though notice of appeal had been filed within the 30-day period. In doing so the court said (p. 457):

"The application to one of the judges of this Court * * * for a certificate of probable cause, being made after the thirty day appeal period, was made too late. This Court is without power to grant the application, even if it were otherwise thought that there had been probable cause for the appeal."

Analogous here is Poe v. Gladden, 287 F.2d 249, 250–251 (9 Cir. 1961), where the entry of judgment in a habeas corpus proceeding was made on September 28, 1959; application for a certificate of probable cause, which was subsequently granted, was filed on November 2, 1959 and notice of appeal was filed December 4, 1959. The appeal was dismissed for lack of jurisdiction for the assigned reason that the certificate of probable cause had not been applied for until more than 30 days after the entry of the district court's judgment; and "The appeal is not saved by the fact that a certificate of probable cause has been issued herein."

In concluding summary, the vice of the majority's disposition may be epitomized as follows:

(1) It judicially "amends" to the point of nullification two Acts of Congress —sections 2107 and 2253—in usurpation of the Congressional legislative function and in disregard of Constitutional limitations and settled judicial doctrine;

(2) It violates the teaching of Alaska Packers Ass'n v. Pillsbury, supra, that a federal court of appeals cannot promulgate a rule which is in conflict with a statute relating to appeals;

(3) It contravenes Federal Rules of Civil Procedure relating to taking of appeals—Rules 73(a) and Rule 81(a)(2)—promulgated by the Supreme Court of the United States;

(4) It contravenes the specific provision in Rule 11(4) of this Court, applicable to the instant case, that "there must be filed *with the notice of appeal* a certificate * * * that there is probable cause for the appeal." (emphasis supplied);

(5) It applies the "new rules" to the instant case in contravention of the settled doctrine that "new" or "prospective" rules cannot be retroactively applied. Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 512, 70 S.Ct. 322, 94 L.Ed. 299 (1950).

I have limited my discussion in this dissent to the critical issue of appellate jurisdiction presented by the situation in the instant case. My silence with respect to the wide-ranging *obiter dicta* aspects of the majority's opinion is not to be construed as giving sanction to them.

I note in passing that were we able to reach the merits of this appeal I would

conclude that the District Court did not err in dismissing the petition for the habeas corpus writ on the ground that the petitioner had failed to exhaust the post-conviction remedy provided by N.J.R.R. 3:10A. In this respect I agree with Judge VAN DUSEN's opinion. We have recently held that a federal court will not assume that a state court will construe a state post-conviction statute so as to make it inadequate or ineffective. In the Matter of the Petition of Barry, 388 F.2d 592 (3 Cir., opinion filed January 18, 1968) and United States ex rel. Singer v. Myers, 384 F.2d 279 (3 Cir. 1967).

Judge McLAUGHLIN joins in the views expressed.