**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1366
_____

KHADIJAH A. MUHAMMAD KEBE,
                                        Appellant

v.

WASHINGTON TOWNSHIP SCHOOL DISTRICT;
WASHINGTON TOWNSHIP BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:22-cv-01217)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 12, 2023

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: January 23, 2024)

_____

OPINION*

_____

PER CURIAM

Khadijah Muhammad Kebe sued the defendants relating to incidents that occurred as she attempted to transfer into their public school system to work as a teacher, claiming that its HR department had discriminated and retaliated against her on the basis of her race and religion.[1] On October 19, 2022, on the defendants' motion, and without granting the hearing that Muhammad Kebe had requested, the District Court dismissed the complaint without prejudice. The District Court explained that Muhammad Kebe had failed to allege facts from which it could be inferred that defendants discriminated against her, harassed her, or retaliated against her, but gave her an opportunity to amend her complaint within 30 days. On November 18, 2023, Muhammad Kebe filed a motion "for a proper appeal" and "also a reconsideration of an in person hearing to allow argument of the case." ECF No. 21 at 1 (listing reasons "why [she was] requesting an appeal and asking for a fair and impartial reconsideration"). The District Court treated that filing as a motion for reconsideration and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Like the District Court, we consider Muhammad Kebe's allegations in her EEOC complaint, which she attached and relied on as an exhibit to her initial complaint and as part of her motion to amend but which she did not include with her amended complaint.

denied it on January 10, 2023. On February 24, 2023, Muhammad Kebe again requested "an appeal for [her] case." ECF No. 24.

We first consider our jurisdiction over this appeal, which turns on whether Muhammad Kebe filed a timely notice of appeal from a final or otherwise immediately appealable order.[2] As a preliminary matter, we must determine when she filed a notice of appeal. And we conclude that she filed one on November 18, 2023, and another on February 24, 2023, even though the former, unlike the latter, was not docketed as a notice of appeal. See Fitzsimmons v. Yeager, 391 F.2d 849, 853 (3d Cir. 1968) (en banc) ("A paper will not be deemed inadequate as a notice of appeal because of informality in its form or title, so long as from its nature it evidences an intention to appeal."); see also 3d Cir. L.A.R. 3.4.

We next consider the nature of the October order. Our appellate jurisdiction is limited to reviewing final orders of the district courts, see 28 U.S.C. § 1291, absent exceptions that do not apply here, and the District Court entered that dismissal without prejudice, which, as a general matter, indicates that an order is not final. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, even if the October order was not final when it was entered, it became final and appealable when Muhammad Kebe effectively elected to stand on her complaint because she did not amend it within the time provided by the District Court and filed her November notice of appeal instead. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992);[3] see also Borelli 532 F.2d at

---

[2] Without addressing finality, the defendants assert that we do not have jurisdiction over this appeal because Muhammad Kebe filed her notice of appeal too late.

[3] Insofar as Weber v. McGrogan, 939 F.3d 232, 239-40 (3d Cir. 2019), questions Batoff's

951-52 (explaining that if the plaintiff "declares [her] intention to stand on [her] complaint . . . the order [entered without prejudice] become[s] final and appealable").

Because Muhammad Kebe's November notice of appeal was filed within 30 days of when the District Court entered its October order, it was timely filed as to that order, see Fed. R. App. P. 4(a)(1)(A), so we have jurisdiction under 28 U.S.C. § 1291 to review the order dismissing the complaint. Our review of that order is plenary. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). We do not have jurisdiction to review the District Court's subsequent order denying reconsideration, however, because a new or amended notice of appeal was necessary to challenge that order, even if it was a ruling on a true motion for reconsideration, see Fed. R. App. P. 4(a)(4)(B)(ii), and the February notice of appeal that Muhammad Kebe filed was not timely filed as to the January order. See Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 208-14 (2007).

Upon review of the order dismissing the complaint, we agree with the District Court that, although Muhammad Kebe sufficiently pleaded that she was a member of protected classes by virtue of her race and religion, she did not allege facts from which it could be inferred that she was subject to an adverse action or that employees who were not members or her race or religion were treated differently. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797-98 (3d Cir. 2003). She alleged only that she had no choice but resign from her

---

jurisdictional analysis, Batoff nevertheless remains good law. See 3d Cir. I.O.P. 9.1 (providing that en banc consideration is required to overrule a prior panel's precedential opinion).

4

position given the tension she felt from HR members who were unhelpful during her onboarding process.

As the District Court noted, even if Muhammad Kebe's claim could be construed as a constructive discharge claim, the complaint still fell short of alleging facts from which it could be inferred that the HR department intentionally discriminated against her, let alone that conditions of such discrimination were "so intolerable that a reasonable person subject to them would resign." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1084 (3d Cir. 1996) (citation and quotation marks omitted). The only facts Muhammad Kebe alleged to support her conclusion that the tension and alleged harassment were due to her race and religion were that the School District lacks diversity and its employees "are not very friendly to people who are not like themselves." ECF No. 1-1 at 4. Absent other facts suggesting that the HR department's actions were motivated by Muhammad Kebe's race or religion, those general allegations are insufficient to give rise to a plausible inference of discrimination.[4] See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (explaining that Title VII does not set forth "a general civility code for the American workplace"). And Muhammad Kebe did not point to any similarly situated individual outside

---

[4] While Muhammad Kebe seeks to offer additional facts on appeal, we decline to consider them. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record.").

her protected classes who was treated more favorably by the HR department.  See Mandel v. M&Q Packaging Corp., 706 F.3d 157, 170 (3d Cir. 2013).

Furthermore, the District Court properly dismissed Muhammad Kebe's retaliation claim.  Title VII prohibits an employer from discriminating against an employee "because [s]he has opposed any practice" made unlawful by Title VII.  42 U.S.C. § 2000e-3(a).  As the District Court explained, Muhammad Kebe did not allege that she voiced opposition to the HR department's alleged discrimination, and, although she initiated Title VII proceedings by filing a complaint with the EEOC, she did so only after the alleged discrimination and retaliatory conduct occurred.  Thus, the amended complaint does not state facts from which it could be inferred that the necessary causal connection existed between any protected activity and the alleged adverse employment action.  See Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (setting forth the elements of a prima facie case for retaliatory discharge, namely a showing that (1) the plaintiff engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action); see also id. at 341-42 (defining "protected activities" in this context).

For these reasons, to the extent that we have jurisdiction over this appeal, we will affirm the District Court's judgment.  We will otherwise dismiss this appeal for lack of jurisdiction. Muhammad Kebe's request that this matter be transferred to a different district judge is denied, as is her request for an in-person hearing on appeal.